GREATER MUSKEGON CLUB BUILDING, INC., *v.* COMMONS.

1. CONTRACTS—FIXTURES—ALTERATION OF BUILDING.
    Instrument entitled "sales agreement" which provided for sale and installation of specified fixtures *held*, not to have obligated defendant to furnish labor and materials for altering plaintiff's building preparatory for such installation.

2. SAME—FRAUD.
    A party who enters into a contract is bound thereby unless it was procured by fraud.

3. EQUITY—PLEADING—MOTION TO DISMISS.
    All properly pleaded allegations of fact must be accepted as true in determining whether or not to dismiss the bill of complaint upon motion before hearing on the merits.

4. REFORMATION OF INSTRUMENTS—FRAUD—PLEADING.
    Where bill to reform contract is based on fraud of defendants, the fraud must be properly and sufficiently alleged.

5. SAME—PLEADING—FRAUD.
    Bill to reform contract relative to preparing plaintiff's building for use as a tavern and club room for a specified sum *held*, to have sufficiently alleged fraud on part of defendant contractor and if the fraud were proved and contract reformed, to afford plaintiff a material defense to action brought against plaintiff by a defendant.

6. SAME—ADEQUACY OF REMEDY AT LAW.
    Where contract needed reformation in order to afford plaintiff an adequate defense at law to action for labor and materials brought by defendants, plaintiff's remedy at law was not adequate.

REFERENCES FOR POINTS IN HEADNOTES
[2] 12 Am. Jur., Contracts, §§ 143–146.
[3] 17 Am. Jur., Dismissal and Discontinuance, §§ 46, 52, 61.
[4, 5, 7] 45 Am. Jur., Reformation of Instruments, § 101.

7. SAME—FRAUD—PLEADING.

> Allegations of fraud in suit to reform contract *held*, not too indefinite or vague to state cause of action in equity.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 13, 1948. (Docket No. 34, Calendar No. 44,020.) Decided May 18, 1948.

Bill by Greater Muskegon Club Building, Incorporated, a Michigan corporation, against Robert D. Commons, doing business as Modern Fixture Company, and another for declaration of rights, reformation of contract and injunction. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Alexis J. Rogoski,* for plaintiff.

*Hathaway & Latimer,* for defendants.

NORTH, J. By this suit in equity plaintiff sought construction of a contract entered into by it with one Robert D. Commons, a declaration of rights, reformation of the contract, and injunctive relief by which plaintiff sought to have enjoined the prosecution of two suits at law brought against plaintiff herein by the Modern Fixture Company, Inc., as assignee of Robert D. Commons. On motion of defendants, plaintiff's bill of complaint was dismissed. The grounds of dismissal in substance were: (1) It appears from the face of plaintiff's bill that plaintiff has a full, complete and adequate remedy at law; (2) It appears on the face of said bill that said bill is wholly without equity; and (3) The charges of fraud or mutual mistake contained in the bill are mere conclusions or opinions of the pleader, indefinite and vague, and unsubstantiated by sufficient facts properly pleaded and therefore fail to state a cause of action in equity. Plaintiff has appealed.

Plaintiff owned a building in Muskegon Heights, a part of which it desired to alter or remodel so that it would be suitable for operating a club room or tavern, and to purchase and have installed therein suitable fixtures, furnishings, et cetera, for the conduct of its tavern business. Plaintiff entered into negotiations with Robert D. Commons which resulted in a contract labeled "sales agreement," which was prepared by Commons and is printed in the margin hereof.* It will be herein referred to as exhibit 1.

---

* " 'EXHIBIT 1.'

"SALES AGREEMENT

"This sales agreement, made and entered into this fourteenth day of March, A. D. 1946, by and between Greater Muskegon Club Building Incorporated, of Muskegon, Michigan, and Robert D. Commons, doing business as Modern Fixture Company, of the same place:

"Witnesseth: First parties agree to purchase and second party agrees to sell and install: Bar, back bar, stools, booths, tables and whatever other fixtures may be necessary to completely equip the club room operated by parties of the first part. Party of the second part will also supervise and oversee all interior decoration and construction work that may be necessary to prepare said club room for installation of equipment. Said work to commence at once. Fixtures and interior decoration to be as per samples respectfully submitted by party of the second part.

"1. Exceptions to original quotations to be agreed upon by both the parties of the first and second parts.

"2. The parties of the first part agree to pay to the party of the second part a deposit of $5,000 before start of said club remodeling. Said $5,000 to be used by party of the second part for purchase of materials and payment of labor as said club remodeling gets under way. Second payment of $5,000 to be made upon completion of plaster work. Final payment to be made after interior decoration, construction work, and installation of fixtures has been completed.

"3. Total cost of club remodeling not to exceed $15,000, unless agreed upon by the committee appointed by the party of the first part. Said committee to have three members with the proper authority, available at all times during remodeling installation work to approve any changes in plans that may be necessary, of which two may have authority to make changes.

"4. Title to said equipment to be installed, shall at all times remain with said Robert D. Commons, until the entire purchase price is paid in full.

"5. Fulfillment of all order and agreements are contingent upon accidents, fire, strikes, nonfulfillment of contracts for materials, or other causes beyond control.

"6. Section five shall be decided by a 3-man arbitration board appointed in the following manner: One to be appointed by party

At the inception of the transaction out of which this suit arose, Robert D. 'Commons was doing business in his individual capacity, but later he incorporated his business as the Modern Fixture Company, Inc. Notwithstanding this circumstance, we herein refer to Robert D. Commons as the defendant unless otherwise indicated. Incident to the negotiations prior to the execution of exhibit 1, Commons was present on the 14th day of March, 1946, at a meeting of plaintiff's board of directors. Concerning what transpired at and following this meeting, it is alleged in plaintiff's bill of complaint:

"That at said meeting the said Robert D. Commons stated that he would have to have $5,000 to start the work with, $5,000 when the plastering job was done, and the balance when the job was finished; that the said Robert D. Commons undertook to induce plaintiff to award the work of equipping and completing the tavern on a cost-plus basis, which plaintiff refused to do; and that at said meeting a resolution was adopted to accept the offer of the said Robert D. Commons to equip and complete said tavern ready for occupancy and operation for the sum of $15,000; that at said meeting plaintiff appointed two of its officers, C. C. Smith and James Young, as a committee to work with the contractor; and that the said Robert D. Commons then and there agreed with plaintiff to furnish the bar, bar fixtures, booths, tables, chairs, wall panelling, and other equipment selected by plaintiff's officers, and to perform the work required to remodel the building in order to convert it into a tavern, for the sum of $15,000. * * *

of the first part, one to be appointed by party of the second part, and one to be appointed by mutual agreement of both parties.

"IN WITNESS WHEREOF, the parties hereto have hereunto set their hand and seals the day and year first above written.

"(S) ROBERT D. COMMONS                    (S) C. C. SMITH
                                          (S) ALBERT J. GLOTZBACH

"In the presence of:
    "(S) JAMES YOUNG"

"That subsequent to the 14th day of March, 1946, Robert D. Commons prepared an agreement (exhibit 1) dated the 14th day of March, 1946, which he represented to C. C. Smith and James Young, who had been appointed a committee to work with the contractor, and to one of plaintiff's officers, Albert J. Glotzbach, embodied the terms of the agreement entered into between plaintiff and the said Robert D. Commons on March 14, 1946, at the aforesaid meeting of plaintiff's board of directors; that, in reliance upon said representation, the said Albert J. Glotzbach, C. C. Smith, and James Young, signed said agreement, and the said Robert D. Commons likewise signed it."

The real crux of this lawsuit is this. Plaintiff claims that the preliminary negotiations, and the subsequent contract as it was understood by plaintiff's representatives, were that for the consideration of $15,000 Commons agreed not only to furnish the bar, bar fixtures, booths, tables, et cetera, and do the work incident to installing the same in plaintiff's premises; but that Commons was also to perform the work and furnish the material required to remodel a part of the building in order to convert it into a tavern. But on the other hand it fairly appears Commons' contention is that, in addition to furnishing and installing the bar, bar fixtures, et cetera, he was only *to supervise and oversee* the work required to remodel the building and that the cost of such remodeling was not included in his contract. It also fairly appears that one of the two suits at law, the prosecution of which suits plaintiff sought to have enjoined, was a suit in the circuit court for work and material, et cetera, furnished by Commons in accomplishing the remodeling of the building so that a part of it would be converted into suitable quarters for a tavern or club; and that the other was a suit in the municipal court "for tavern supplies

delivered to plaintiff after the completion of the remodeling program involved in the circuit court action."

As we understand, plaintiff in the first instance claims that exhibit 1, when properly construed, obligated Commons, in consideration of $15,000, which was paid to him by plaintiff, not only to furnish and install the fixtures, et cetera, but in addition to furnish the labor and materials for altering the building. We cannot so hold. Exhibit 1 is headed "sales agreement," and at the outset exhibit 1 contains the following:

"First parties agree to purchase and second party agrees to sell and install: Bar, back bar, stools, booths, tables and whatever other fixtures may be necessary to completely equip the club room operated by parties of the first part. Party of the second part will also *supervise and oversee* all interior decoration and construction work that may be necessary to prepare said club room for installation of equipment."

We find nothing in exhibit 1 which nullifies or modifies the plain provisions just above quoted. Plaintiff is bound by the contract unless it was procured by fraud. This gives rise to the question as to whether plaintiff in its bill of complaint has alleged fraud in such a manner as would entitle it to relief if such allegations were established by competent proof.

As is properly urged by plaintiff in passing upon defendants' motion to dismiss "all properly pleaded allegations of fact must be accepted as true." *Scott* v. *Grow,* 301 Mich. 226, 233 (141 A. L. R. 819). Since plaintiff's right to relief by way of reformation turns upon plaintiff's claim of fraud on the part of Commons, the test will be this: Is such fraud properly and sufficiently alleged in the bill of complaint?

A careful reading of the bill of complaint discloses that the only allegations therein which could be considered as charging defendant Commons with fraud are as follows:

Paragraph 3 of the bill of complaint reads:

"That subsequent to the 14th day of March, 1946, Robert D. Commons prepared an agreement (exhibit 1) dated the 14th day of March, 1946, which he represented to C. C. Smith and James Young, who had been appointed a committee to work with the contractor, and to one of plaintiff's officers, Albert J. Glotzbach, embodied the terms of the agreement entered into between plaintiff and the said Robert D. Commons on March 14, 1946, at the aforesaid meeting of plaintiff's board of directors; that, in reliance upon said representation, the said Albert J. Glotzbach, C. C. Smith, and James Young, signed said agreement, and the said Robert D. Commons likewise signed it. \* \* \*"

And paragraph 8 of the bill of complaint contains the following:

"That, if said agreement, exhibit 1, varies the terms and conditions of the agreement authorized by plaintiff's board of directors at said meeting (March 14, 1946), the said Albert J. Glotzbach, C. C. Smith, and James Young, signed said writing (exhibit 1) under the mistaken belief that it conformed to the agreement authorized at said meeting, and by reason of the fraud of the defendant, Robert D. Commons, in representing to them that the agreement required him to have the tavern complete and ready for operation for the sum of $15,000, and in concealing from them any claim on his part that the agreement (exhibit 1) as prepared by him would entitle him to recover any amount in excess of $15,000 for the work of completely remodeling, furnishing, and equipping the tavern."

Surely the foregoing allegations in the bill of complaint with reasonable clearness charge fraud on the

part of Commons, and that it was in consequence of the alleged fraud that exhibit 1 was purportedly executed in behalf of plaintiff corporation. If at a hearing on the merits competent testimony was offered in support of the material allegations in the bill of complaint, a case of fraud would be presented and upon consideration of all the facts and circumstances disclosed, the court would determine whether or not the alleged fraud was perpetrated and whether or not plaintiff in consequence thereof was entitled to reformation. If the reformation sought by plaintiff was decreed, it would afford a material defense to at least one of the two pending lawsuits brought by the Modern Fixture Company, Inc., against plaintiff; whereas in the absence of reformation such defense would not be available in either of the suits at law.

On the record before us we think it cannot be said that under all the circumstances presented by plaintiff's bill of complaint it has a complete and adequate remedy at law touching the matters alleged in the bill of complaint; nor does it appear that said bill is wholly without equity; or that the allegations of fraud therein contained are only conclusions of the pleader, or that they are too indefinite, vague, et cetera, to state a cause of action in the equity court.

For the reasons above indicated we conclude that the trial judge was in error in dismissing plaintiff's bill of complaint; and it is, therefore, ordered that the decree entered in the circuit court be vacated and this suit in equity remanded to the circuit court with the right to defendants to file an answer in said cause and for further proceedings therein. On this appeal plaintiff will have taxable costs against both

defendants. A decree will be entered in this Court accordingly.

Bushnell, C. J., and Sharpe, Boyles, Reid, Dethmers, Butzel, and Carr, JJ., concurred.