L. W. GAMMONS v. H. C. JOHNSON.[1]

October 27, 1897.

Nos. 10,760—(212).

Attorney and Client—Champertous Contract—Recovery on Quantum Meruit.

   Although an attorney has made a bargain with his client which is void for champerty, he may recover a reasonable compensation for his services on a quantum meruit.

Appeal by plaintiff from an order of the district court for Otter Tail county, Baxter, J., sustaining a demurrer to the complaint on the ground that it fails to state a cause of action.   Reversed.

*F. W. Booth* and *L. W. Gammons*, for appellant.

Standing upon the checkered pavement of the ground floor, and with our vision more or less obscured by the bustle of business, we fail to see anything in this contract obnoxious to the public policy of this state; but should the court from its higher pedestal, and with its clearer vision, detect immorality or injury to the body politic lurking in its provisions, and therefore declare the contract invalid, the court must nevertheless reverse the lower court upon the ground that the complaint states a good cause of action outside of the contract upon a quantum meruit.   3 Am. & Eng. Enc. Law, 86, § 9;  Weeks, Attys. § 345;  Stearns v. Felker, 28 Wis. 597;  Clark v. Davidson, 53 Wis, 317.

*Mason & Hilton*, for respondent.

That the contract on which this action is brought is invalid is decided in Huber v. Johnson, 68 Minn. 74.

BUCK, J.

It appears that the plaintiff is, and at the time of making the contract set forth in the complaint was, a duly-licensed and practicing attorney at law; that he performed legal services for the defendant of the reasonable value of $50.   The defendant had a claim against a railroad company, which it refused to pay, and thereupon he

[1] Reported in 72 N. W. 563.

entered into a contract with plaintiff for its collection by suit or settlement, and agreed not to settle such claim with the railroad company without the consent in writing of the plaintiff, and that, if he did so settle, then he would within ten days thereafter pay plaintiff $50, as full compensation in such case for any services performed by him in the matter. The defendant, in violation of his agreement, did settle this claim with the company; and plaintiff brought this action, setting up the written contract, and also sued upon quantum meruit, he having tried the suit once in the district court. A demurrer was interposed by the defendant, upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was sustained by the trial court, citing Huber v. Johnson, 68 Minn. 74, 70 N. W. 806, as authority. But in that case the question of whether the plaintiff could maintain an action upon quantum meruit where there was a similar contract was not argued by counsel or determined by this court. In the decision in that case it was stated that—

"Both sides have treated the action as one on the express contract, and defendant's counsel himself says that the only question is as to the validity of that contract."

If the plaintiff can show a complete cause of action, resting upon quantum meruit, without being obliged to prove an illegal act, although such illegal act may incidentally appear, he may recover. Frost v. Plumb, 40 Conn. 111; Woodman v. Hubbard, 25 N. H. 67; Morton v. Gloster, 46 Me. 520; Hall v. Corcoran, 107 Mass. 251. The performance of the services by the plaintiff for the defendant were valuable, and in no manner prohibited by statute or void at common law or as against public policy. In and of themselves, the services or benefits rendered were innocent and proper, and doubtless beneficial to the defendant, for the company settled with the defendant after the plaintiff had once tried the case for him. The agreement to do an illegal act or the doing of one involving a violation of law is a very different thing from the performance of the services which plaintiff alleges were done for the defendant.

Regarding the complaint as sufficiently alleging a good cause of

action upon quantum meruit, we have assumed that his services thus rendered were meritorious, and that he is entitled to recover the reasonable value of such services, even though the special agreement is void. If it was void as to one of the parties, it was equally so as to the other; and it seems very unjust that the defendant should insist upon its illegality to discharge or defeat the payment of a debt honestly due. The practice is certainly becoming too common for clients to obtain the valuable services of attorneys, and enjoy the benefits thereof, and then seek by dishonest methods to evade paying for such services. While we have no hesitation in condemning the pernicious conduct of attorneys who officiously stir up strife and litigation, yet when an attorney conducting himself honorably performs valuable services for a client, whether rich or poor, he should be paid therefor whatever is honestly due him; and we equally condemn that dishonesty by which a client, after enjoying the fruits of such services, attempts to evade the payment of what is reasonably due.

That the plaintiff is entitled to recover upon quantum meruit the reasonable value of his services, even though the special contract is void, is sustained by the weight of the authorities. In Weeks on Attorneys (section 345) the rule is laid down that,

"If the special agreement is rescinded or is void for champerty, the attorney may recover on a quantum meruit for his services."

"Even though the special contract is void, the attorney does not forfeit his claim to full compensation for his services. The contract being void, it is as if it had never been, and should not be allowed to affect the rights of the parties, except in so far as they claim directly under it." 3 Am. & Eng. Enc. Law, p. 86, § 9, and note 2.

As the demurrer was general, and went to the sufficiency of the entire complaint, if, as we hold, it stated one sufficient cause of action, the demurrer should have been overruled.

Order reversed.