## M. C. FREERKS v. HERMAN NURNBERG.

(157 N. W. 119.)

**Quantum meruit — action to recover on — attorney — professional services — answer — allegations — defenses — special contract — terms of — contingent fee — recovery — pleadings — portions of — stricken out — prejudicial error.**

1. In an action by an attorney at law to recover on the *quantum meruit*

for professional services rendered to the defendant at his request, the answer, among other defenses, alleged that a portion of such services was performed under a special contract by the terms of which plaintiff agreed to commence and to prosecute at his own cost and expense certain actions for the defendant upon a contingent fee basis, and that, in the event he should be unsuccessful, he should receive no compensation for his services. It was also alleged that he was unsuccessful in such litigation. At the trial such defense was, on plaintiff's motion, stricken from the answer, and proof of the matters thus pleaded was offered and rejected. *Held*, that such rulings constituted prejudicial error.

**Law appeals — supreme court — sits merely to review — evidence — sufficiency of — ruling of court — challenging — directed verdict — motion for — new trial.**

2. Following Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366. *Held*, that the supreme court, in law appeals, sits merely in review of errors, and where no ruling of the trial court as to the sufficiency of the evidence is invoked, either by motion for a directed verdict or for a new trial, there is nothing for this court to review.

**Pleadings — defects in — readily remedied — challenged first on appeal — not considered.**

3. Defects in pleadings which are readily remedied will not be considered for the first time in the supreme court.

Opinion filed February 25, 1916. Rehearing denied March 24, 1916.

Appeal from the County Court of Stutsman County, *Hon. John U. Hemmi*, J. From a judgment in plaintiff's favor, defendant appeals. Reversed and a new trial ordered.

*John A. Jorgenson* and *C. S. Buck* (*W. H. Padden* and *Geo. H. Stiltman*, of counsel) for appellant.

The special contract claimed by the defendant, whereby plaintiff was to take, and did take defendant's litigation shown in the record on a contingent fee basis, was not and is not champertous, but was and is a valid contract for professional services. Sedgwick v. Stanton, 14 N. Y. 289; Huber v. Johnson, 68 Minn. 74, 64 Am. St. Rep. 456, 70 N. W. 806; cases cited in 6 Cyc. 858, notes 38, and 39.

Note.—The right of an attorney to recover upon *quantum meruit* for services rendered under an illegal or champertous contract is discussed in notes in 2 L.R.A. (N.S.) 261, and 38 L.R.A. (N.S.) 202.

On when agreements with attorneys are void for champerty, see note in 27 Am. Rep. 319.

When a contract is *malum in se* a recovery can never be had, directly or indirectly.

It is said that a recovery may sometimes be had when an illegal transaction is involved. White v. Franklin Bank, 22 Pick. 181; Stacy v. Foss, 19 Me. 335, 36 Am. Dec. 755; Morgan v. Beaumont, 121 Mass. 7; Thompson v. Williams, 58 N. H. 248; Brown v. Timmany, 20 Ohio, 81; Hentig v. Staniforth, 5 Maule & S. 122, 17 Revised Rep. 293; Skinner v. Henderson, 10 Mo. 205; Harse v. Pearl Life Assur. Co. [1904] 1 K. B. 558, 3 B. R. C. 832, 73 L. J. K. B. N. S. 373, 52 Week. Rep. 457, 90 L. T. N. S. 245, 20 Times L. R. 264; American Mut. L. Ins. Co. v. Bertram, 163 Ind. 51, 64 L.R.A. 935, 70 N. E. 258; Smith v. Blachley, 188 Pa. 550, 68 Am. St. Rep. 887, 41 Atl. 619; Congress & E. Spring Co. v. Knowlton, 103 U. S. 49, 26 L. ed. 347, 57 N. Y. 518; Lemon v. Grosskopf, 22 Wis. 447, 99 Am. Dec. 58; Smith v. Richmond, 114 Ky. 303, 102 Am. St. Rep. 283, 70 S. W. 846; Goodrich v. Houghton, 134 N. Y. 115, 31 N. E. 516; Wallis v. Portland, 3 Ves. Jr. 494, 4 Revised Rep. 78, 8 Bro. P. C. 161.

If the contracts of contingent fee set up in the answer are champertous, they are illegal, and no recovery can be had upon the theory of *quantum meruit*. Roller v. Murray, 112 Va. 780, 38 L.R.A.(N.S.) 1202, 72 S. E. 665, Ann. Cas. 1913B, 1088.

The trial court erred in striking out of defendant's answer his two counterclaims as pleaded, the constituted valid defenses to plaintiff's cause of action. 9 Cyc. 741, note 49.

Under a general denial only, a special contract cannot be shown in an action on *quantum meruit*. Register Printing Co. v. Willis, 57 Minn. 93, 58 N. W. 825; Stewart v. Thayer, 170 Mass. 560, 49 N. E. 120.

In a suit for a balance due upon a mutual account, the gist of the action is the fact that a balance is due. Hence it is necessary to allege and prove in establishing plaintiff's cause of action both debts and credits, and that the balance has not been paid. Pollak v. Winter, 166 Ala. 255, 139 Am. St. Rep. 33, 52 So. 829, 53 So. 339.

Even in an ordinary suit for services performed, the complaint should allege nonpayment, and show that the services were not gratuitous. Bacon v. Chapman, 85 App. Div. 309, 82 N. Y. Supp. 545; Hunt v. Osborn, 40 Ind. App. 646, 82 N. E. 933; Taggart v. Tevanny, 1 Ind. App. 339, 27 N. E. 571; Viley v. Pettit, 96 Ky. 576, 29 S. W. 438.

The court's charge fails to cover the questions of preponderance of the evidence and burden of proof. 38 Cyc. 1691, 1748, notes 87-90.

The verdict of the jury is contradictory. It cannot find for plaintiff on his cause of action and for defendant on his counterclaims. "If the jury find specifically on the cause of action and the counterclaims, the verdict must clearly show in whose favor the balance rests and the amount thereof." Kornegay v. Kornegay, 109 N. C. 188, 13 S. E. 770; Morrison v. Few, 3 Tex. App. Civ. Cas. (Willson) 459.

*Thorpe & Chase,* for respondent, and *M. C. Freerks, pro se.*

If an illegal contract has been made, and when it is executed, the courts will not aid either party in any litigation in which it is necessary as a foundation of a claim or defense. But when the contract is executory the law always recognizes that a *locus pœniteniæ* remains, and will aid the rights of a party who assumes a position in disaffirmance of the illegal transaction. Congress & E. Spring Co. v. Knowlton, 103 U. S. 49, 26 L. ed. 347.

When the defendant does not set up the defense of illegality, but such illegality appears from the case as made by either party, it becomes the duty of the court *sua sponte* to refuse to entertain the action. Drinkall v. Movius State Bank, 11 N. D. 10, 57 L.R.A. 341, 95 Am. St. Rep. 693, 88 N. W. 724; 15 Am. & Eng. Enc. Law, 1015; Johnson v. Williard, 83 Wis. 420, 53 N. W. 776.

No court will lend its assistance in any way towards carrying out the terms of an illegal contract. Drinkall v. Movius State Bank, 11 N. D. 13, 57 L.R.A. 341, 95 Am. St. Rep. 693, 88 N. W. 724; Citizens' Nat. Bank v. Mitchell, 24 Okla. 488, 103 Pac. 720, 20 Ann. Cas. 371; Barngrover v. Pettigrew, 128 Iowa, 533, 2 L.R.A.(N.S.) 260, 111 Am. St. Rep. 206, 104 N. W. 904; Davis v. Webber, 66 Ark. 190, 45 L.R.A. 196, 74 Am. St. Rep. 81, 49 S. W. 822; Gammons v. Johnson, 69 Minn. 488, 72 N. W. 563; Potter v. Ajax Min. Co. 22 Utah, 273, 61 Pac. 999; Husbands v. Cook, 24 Ky. L. Rep. 1320, 71 S. W. 508; Stearns v. Felker, 28 Wis. 594; Thurston v. Percival, 1 Pick. 415; Rust v. Larue, 4 Litt. (Ky.) 412, 14 Am. Dec. 172; Lynde v. Lynde, 64 N. J. Eq. 736, 58 L.R.A. 471, 97 Am. St. Rep. 692, 52 Atl. 694; Brush v. Carbondale, 229 Ill. 144, 82 N. E. 252, 11 Ann. Cas. 121; Buck v. Eureka, 124 Cal. 61, 56 Pac. 612; McCurdy v. Dillon, 135 Mich. 678, 98 N. W. 746; Elliott v. McClelland, 17

Ala. 206; Goodman v. Walker, 30 Ala. 482, 68 Am. Dec. 134; Caldwell v. Shepherd, 6 T. B. Mon. 389; Papineau v. White, 117 Ill. App. 51; Re Snyder, 190 N. Y. 66, 14 L.R.A.(N.S.) 1101, 123 Am. St. Rep. 533, 82 N. E. 742, 13 Ann. Cas. 441; 6 Cyc. 880, and cases cited; Roller v. Murray, 112 Va. 780, 38 L.R.A.(N.S.) 1202, 72 S. E. 665, Ann. Cas. 1913B, 1088.

Appellant cannot urge in the supreme court a theory of the case contrary to that upon which the case was tried, and submitted in the court below. DeLaney v. Western Stock Co. 19 N. D. 630, 125 N. W. 499.

Neither will a judgment be reversed on a theory not advanced and relied upon in the trial court. McPherson v. Julius, 17 S. D. 98, 95 N. W. 428; Crisp v. State Bank, 32 N. D. 263, 155 N. W. 78.

Trivial defects in a pleading which could not mislead should be disregarded where no objection is made before trial. Ward v. Gardin, 15 N. D. 649, 109 N. W. 57.

When the rules of pleading are ignored and no objection made, the pleadings will be taken for what they are worth on appeal. Dal v. Fischer, 20 S. D. 426, 107 N. W. 534.

"Objections to the technical sufficiency of a pleading are waived by proceeding to trial and judgment without objection." McLain v. Nurnberg, 16 N. D. 138, 112 N. W. 245.

And objections made for the first time in the supreme court come too late. First Nat. Bank v. Warner, 17 N. D. 76, 114 N. W. 1085, 17 Ann. Cas. 213.

Fisk, Ch. J. This litigation arose in the county court of Stutsman county, and the appeal is from a judgment of that court in plaintiff's favor for the sum of $295 and costs.

Plaintiff, a member of the bar of Stutsman county, sued to recover on various alleged causes of action for professional services rendered to the defendant at his request under an implied promise to pay the reasonable value thereof. All the allegations of the complaint are put in issue by the answer, and as to two of the plaintiff's principal causes of action the answer by way of an affirmative defense alleges that the services were performed by plaintiff under an express contract entered into through plaintiff's solicitation whereby he agreed to bring two cer-

tain actions for defendant,—one against Theodore Thom and the other against Grant Mercantile Company et al., and to carry on all proceedings with reference thereto on a contingent basis, agreeing to pay all costs and expenses connected therewith, and to receive one third of the amount collected after deducting costs and expenses, and turn over the balance to the defendant; and if plaintiff failed to collect anything from such parties, he was to stand all costs and disbursements, and was to receive nothing from defendant for his services in connection with such suits. Defendant further alleges that he consented to employ plaintiff upon the above conditions, and not otherwise, and that plaintiff failed to recover or collect anything in either of such suits; also that defendant was mulcted in costs and expenses in connection with such litigation in certain designated sums for which he has not been recompensed by plaintiff. Defendant also interposed counterclaims to recover for such costs and expenses. Numerous other counterclaims are interposed for smaller amounts, but which it is unnecessary to notice.

At the commencement of the trial, plaintiff moved that the defenses with reference to the special contracts and also the counterclaims for costs be stricken from the answer on the ground that the special contracts thus pleaded were champertous and void, and did not constitute a defense, nor could they form the basis of counterclaims. Defendant conceded that if such contracts were champertous, no recovery on the counterclaims could be had, but insisted that the contracts were properly pleaded as defensive matter. The motion to strike was granted, and later the court refused to admit proof of such contracts. Such rulings form the basis of appellant's chief assignment of error, and the only one requiring extended notice.

Plaintiff sought to recover upon the *quantum meruit* for these professional services, the greater portion of which was rendered, as defendant sought to plead and prove, under the special contracts aforesaid. Plaintiff having been successful in inducing the trial court to sustain his motion upon the grounds, as stated in his brief, "that such a contract, if made, would be champertous and illegal and contrary to public policy, it must be assumed on this appeal that such contracts were in fact entered into, and that defendant, if permitted to do so, could and would have shown that the services were performed by

plaintiff pursuant thereto. Plaintiff is in rather poor position to now assert that such contracts were merely executory and were in effect abandoned before the services were rendered. Nor, for like reasons, is he in a very favorable position to urge nonprejudice to appellant on account of such rulings. Nor is his contention of any force that because defendant, according to the allegations of his counterclaims, advanced certain costs which plaintiff agreed to advance, that this conclusively shows that the transaction was taken from without such illegal and champertous contracts. The defendant's theory as to this was merely that he advanced such costs and expenses as a mere loan under a promise that plaintiff would later pay him.

The question fairly presented, therefore, is whether proof that the services sued for were performed under such concededly illegal contract which was void as against public policy would defeat plaintiff's right to recovery for such services under a *quantum meruit.* Plaintiff concedes that if such a contract had been made with respect to promoting a divorce suit, or with respect to doing any other act which in and of itself contravened public policy, no recovery could be had for such services either on contract or *quantum meruit,* but he attempts to distinguish the case at bar upon the grounds, as we understand his argument, that the services contracted for were not in themselves illegal or in contravention of public policy, and that while the contract is void and cannot be enforced, the law permits a recovery on a *quantum meruit* for the reasonable value of the services. Citing: Barngrover v. Pettigrew, 128 Iowa, 533, 2 L.R.A.(N.S.) 260, 111 Am. St. Rep. 206, 104 N. W. 904; Davis v. Webber, 66 Ark. 190, 45 L.R.A. 196, 74 Am. St. Rep. 81, 49 S. W. 822; Gammons v. Johnson, 69 Minn. 488, 72 N. W. 563; Potter v. Ajax Min. Co. 22 Utah, 273, 61 Pac. 999; Husbands v. Cook, 24 Ky. L. Rep. 1320, 71 S. W. 508; Stearns v. Felker, 28 Wis. 594; Thurston v. Percival, 1 Pick. 415; Rust v. Larue, 4 Litt. (Ky.) 412, 14 Am. Dec. 172; Lynde v. Lynde, 64 N. J. Eq. 736, 58 L.R.A. 471, 97 Am. St. Rep. 692, 52 Atl. 694; Brush v. Carbondale, 229 Ill. 144, 82 N. E. 252, 11 Ann. Cas. 121.

Whether the distinction sought to be pointed out by plaintiff is sound, we, for reasons hereafter stated, need not determine. Concededly, there is some diversity in the holdings of the courts of the country upon that question. Counsel for appellant have, with much

33 N. D.—38.

skill and energy, classified and reveiwed the authorities, and they show that many courts distinguish cases of champertous contracts where the champerty consists merely of an agreement containing a provision against the client settling the case without the attorney's consent, or contains a provision merely for a contingent fee, from those where the champerty consists of an agreement for a contingent fee and the payment by the attorney of the costs and expenses of the litigation. Counsel say that the difference is that in the former class of cases the services performed are legal, while in the latter they are in themselves illegal. They call attention to the recent case of Greenleaf v. Minneapolis, St. P. & S. Ste. M. R. Co. 30 N. D. 112, L.R.A. —, —, 151 N. W. 879, wherein a right of recovery on the contract was recognized where the contract of employment contained a stipulation against the client settling the case without the attorney's consent. For the information of the bar we here collect some of the many authorities cited in the appellant's brief and upon which counsel rely to support their contention that no recovery can be had on the *quantum meruit* for the alleged reason that the services performed were in themselves illegal on account of the champertous nature of the contract of employment. Roller v. Murray, 107 Va. 543, 59 S. E. 421, also, same case as reported in 112 Va. 780, 38 L.R.A.(N.S.) 1202, 72 S. E. 665, Ann. Cas. 1913B, 1088; Gammons v. Gulbranson, 78 Minn. 21, 80 N. W. 779; Moreland v. Devenney, 72 Kan. 471, 83 Pac. 1097; Taylor v. Perkins, 171 Mo. App. 246, 157 S. W. 122.

However, as before stated, it is unnecessary for us to decide such questions on this appeal, and we shall not do so. We are entirely clear that in any event it was prejudicial error to strike out such defenses, and we will briefly give our reasons for such conclusion. Under the terms of the special contracts as pleaded, plaintiff was to receive no compensation whatever unless he recovered in the actions, and in this he concededly failed. How then, in the light of this, can he be permitted to recover on the *quantum meruit?* In no case which has come to our notice has such a recovery been permitted where, as here, nothing would have been due under the special contract, if valid. The services performed by plaintiff were concededly of no actual value to defendant, therefore the rule of the cases relied on by respondent is of no avail to him. That the special contracts, although champertous

and void, were admissible to limit or defeat a recovery, is clear, for a recovery on *quantum meruit* cannot exceed the amount stipulated even in such void contracts. 6 Cyc. 880, and cases cited. As stated in 5 R. C. L. page 285: "The right of an attorney to recover the value of services rendered under a champertous contract *is limited to cases where the services themselves are valuable.*"

This disposes of the first assignment in appellant's favor, necessitating a new trial. In view of another trial we will briefly state our views as to the other assignments.

Assignment of error numbered 2 is without substantial merit. Even if it were necessary for plaintiff to allege nonpayment in his complaint, no such question appears to have been raised in the lower court. The defect in the pleading, if any, could have been readily remedied had it been properly challenged. The same is true of the objection that such complaint fails to allege that the services were rendered at the defendant's request. Such alleged defects will not be considered for the first time in this court.

Assignments 3, 4, and 5 have been considered, and we deem them not well taken.

The question as to the sufficiency of the evidence is argued at some length in the brief; but such question cannot be raised for the first time in the supreme court. This court, in law appeals, sits merely in review of errors, and where no ruling of the trial court as to the sufficiency of the evidence is invoked either by motion for a directed verdict or for a new trial, there is nothing for this court to review. Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, 155 N. W. 861.

This disposes of all the assignments which are argued in the brief, and results in a reversal of the judgment and the remanding of the cause for a new trial. It is so ordered.