# ERNEST J. SEITZ v. CLARENCE B. MICHEL AND OTHERS.[1]

January, 14, 1921.

No. 22,088.

**Pleading — attack on complaint alleging invalid contract.**

Suit by stockholder against other stockholders and directors for conspiracy to exclude him from a share in the management of the company and to render his stock valueless. Where it appears on the face of the complaint that the contract is void because against public policy, defendants may either demur or move for judgment on the pleadings after answer. [Reporter.]

**Breach of void contract.**

There can be no liability for the breach of an invalid contract, nor can

[1] Reported in 181 N. W. 106.

one be charged with liability for inducing another to refrain from doing what he is not legally bound to do. [Reporter.]

## Corporation — action by stockholder against officer.

A stockholder who has no individual right of action against an officer for misappropriation of the company's money, has none against third persons who persuade the officer to misappropriate the money. [Reporter.]

Action in the district court for Ramsey county against Clarence B. Michel and others to recover $185,000. Defendants' demurrer to the complaint was sustained, Michael, J. Plaintiff's motion to amend the complaint was denied.

From the judgment entered in favor of defendants, plaintiff appealed. Affirmed.

*H. E. Fryberger* and *Butler, Mitchell & Doherty,* for appellant.

*O. E. Holman,* for respondents.

PER CURIAM.

The defendant demurred to the complaint on several grounds: One, that it did not state facts constituting a cause of action against any of the defendants. The demurrer was sustained on that ground. Plaintiff moved to amend the complaint. The motion was denied and a judgment was entered, from which plaintiff appeals.

The complaint virtually repeats the allegations of the complaint in Seitz v. Michel, supra, page 474, 181 N. W. 106, and then adds a new allegation, charging defendants with having conspired to "freeze out" the plaintiff from participation in the management of the corporations and to render his stock unsalable and valueless; that, pursuant to such conspiracy, they so influenced Theodore Michel as to cause him to become hostile to plaintiff and induced him to repudiate his contract and wrongfully divert the funds of the corporations in the manner set out in the complaint in the other action, to plaintiff's damage in the sum of $185,000, for which judgment was demanded. All the questions presented in this case are disposed of by what was said in Seitz v. Michel, with the exception of the effect of the alleged conspiracy.

It appears upon the face of the complaint that the contract pleaded was contrary to public policy, and therefore void. Defendants might take advantage of the fact by demurrer as well as by motion for judgment on the pleadings after answering.

One of the objects of the alleged conspiracy was to induce Theodore Michel to repudiate his contract with plaintiff. If the contract was void, it could not be enforced against Michel. Plaintiff could only rely on his voluntary performance of its terms. There can be no liability for the breach of an invalid contract, and, of course, one cannot be charged with liability for inducing another to refrain from doing that which he was not legally bound to do.

Another object of the conspiracy was to depreciate the value of plaintiff's stock by wrongfully diverting and wasting the funds of the corporations. This object was accomplished by inducing Michel to pay the extravagant salaries referred to in the opinion in the other case. There may be liability for these acts, if proven. But, as was pointed out, the money wrongfully diverted in this way is the money of the corporations. All the stockholders are entitled to share in it if it is refunded. The injury is to the corporations. The conspiracy may have been directed against the plaintiff, and the defendants may be liable for the acts with which they are charged, but their acts resulted ultimately in the dissipation of corporate funds. Plaintiff is injured, just as all other stockholders are injured, when the officers of a corporation waste or misapply its money. If he has no individual right of action against an officer for misappropriating the money of the corporation, he has none against third persons who persuaded the officer to misappropriate it, and this without regard to the motives which actuated such third persons.

As was held in the companion case, the right of action is in the corporation, or, if it will not sue because controlled by men who are hostile to plaintiff, he may sue in a representative capacity for the benefit of the corporations and all the stockholders.

The judgment is therefore affirmed.