[File No. 7122]

LYDIA A. HODOUS, Respondent, v. FRANK HODOUS, Appellant.

(36 NW2d 552)

Opinion filed March 22, 1949.

*J. A. Hyland* and *C. L. Foster,* for appellant.

388

*Traynor & Traynor,* for respondent.

Morris, J. The District Court of Eddy County on the 24th day of July 1948, entered a judgment granting the plaintiff a divorce from the defendant and directing the defendant to pay to the plaintiff the sum of $300.00 attorneys' fees and expenses, $419.24 hospital and medical expenses, and the sum of $1000.00 in order that the plaintiff might reestablish herself, all to be paid within ten days from the entry of judgment. In addition to the above sums the court awarded the plaintiff $100.00 per month alimony, beginning August 1, 1948, and gave her custody of the minor child, Glenn Hodous, and gave to the defendant the custody of Warren Hodous, who was at that time about fifteen years of age.

On May 5, 1948 the court made an order directing the defendant to pay certain sums for hospital, doctor and medical expenses, attorneys' fees, and support money. On July 26, 1948 the court found the defendant guilty of contempt of court for failure to make the payments provided in that order, and entered judgment and sentence committing him to jail for ninety days. Appeals were taken in both the divorce proceedings and in the contempt matter. The latter appeal is considered in a separate concurrent opinion.

The divorce proceedings were instituted in August 1947. The complaint shows that the defendant and plaintiff were intermarried in Minneapolis, Minnesota on August 12, 1922. Four children were born of the marriage, three sons and a daughter. The three oldest children are of age. The youngest, Warren Hodous, was born January 11, 1933.

The ground upon which the plaintiff seeks divorce is that of extreme cruelty. It is set forth in paragraph IV of the complaint as follows:

"That since said marriage, the defendant has been guilty of extreme cruelty towards the plaintiff and which has been particularly true during the past year, and has consisted of the following and similar acts, to-wit:

"That the defendant sulks around the house, doesn't talk,

and doesn't take the plaintiff any place, but takes his car and leaves without saying where he is going or when he will be back, or asking the plaintiff to go along with him.

"That he continually charges the plaintiff falsely of infidelity, and even charges the plaintiff of infidelity and indecent relationship with their son Howard Charles Hodous; all of which is totally and completely false.

"That he frequently and persistently claims that their son Glenn Hodous is not his son.

"That he frequently and without any cause or provocation curses and swears and uses the worst kind of profanity at the plaintiff.

"That the plaintiff at all times has been a good and faithful wife to her husband, but his conduct towards her has reached such a stage that it has been impossible for her to live longer with him, and she had to move out on or about July 11, 1947." Extreme cruelty is a statutory ground for divorce. Section 14–0503, Rev Code ND 1943. Section 14–0505, Rev Code ND 1943, defines extreme cruelty as follows:

"Extreme cruelty is the infliction by one party to the marriage of grievous bodily injury or grievous mental suffering upon the other."

The defendant and appellant, in this court, for the first time challenges the sufficiency of the complaint. He points out that the complaint does not allege that the acts of the defendant caused the plaintiff either grievous bodily injury or grievous mental suffering. He argues that without such an allegation the complaint fails to state a ground for divorce and that the omission is fatal to the jurisdiction of the court.

The plaintiff testified that the conduct of the defendant caused her "mental anguish" which is the equivalent of grievous mental suffering. If we assume that the omission from the complaint of the statutory definition of extreme cruelty is a defect for which the sufficiency of the complaint can be challenged, it is clear that such a challenge cannot be made for the first time in this court. The alleged defect is not jurisdictional and is one that could be readily remedied by amendment. It cannot be now urged by the appellant for the first time. Paulson & Co.

v. Ward, 4 ND 100, 58 NW 792; Ditton v. Purcell, 21 ND 648, 132 NW 347, 36 LRA NS 149; Freerks v. Nurnberg, 33 ND 587, 157 NW 119; Ryan v. Bremseth, 48 ND 710, 186 NW 818.

The trial court found as facts that the allegations of paragraph IV of the complaint above quoted were true and set them forth at length in his findings made in support of the judgment. These are ultimate facts which are amply supported by the evidence and warranted the trial court in rendering a decree granting the plaintiff a divorce from the defendant. A discussion of the details of the evidence is unnecessary.

The court also awarded the plaintiff certain lump sums as hereinbefore set forth and alimony to be paid at the rate of $100.00 per month. The record shows that the defendant during recent years had a substantial earning capacity and has acquired property interests of considerable value. He was very evasive in replying to questions regarding his income and his property holdings. The trial court directed that the defendant furnish the court with a statement showing his financial condition and a copy of his 1946 and 1947 income tax returns. The order was not complied with with respect to the tax returns, but the defendant filed a purported financial statement that is a part of the record in this case. It shows that the defendant has set up a trust fund of $12,000 for the maintenance and education of his youngest son. The nature of the trust and whether it is irrevocable does not appear. An additional $8000 is also in a trust fund to be applied on payment of income tax in litigation. Another item of $19,500 salvage out of real property is unexplained. It does appear however, that the defendant had $3800 cash on hand, 1000 bushels of oats, 250 bushels of wheat and 275 bushels of barley.

It was no doubt difficult for the trial court to evaluate the defendant's true earning capacity and net worth. But the evidence shows that both were of substantial amounts. He expected to pay taxes on an income of $11,825 in 1948. We find nothing in the record that indicates that the court erred in regard to the payments required. When a divorce is granted the court may make such suitable allowances as to the court may seem just, having regard to the circumstances of the re-

spective parties. Section 14–0524, Rev Code ND 1943. Our review of the entire record in the divorce action discloses no error or abuse of discretion on the part of the trial court. The judgment of the District Court of Eddy County, dated July 24, 1948 is affirmed with the direction that there be credited thereon such sum as the defendant may pay as attorneys fees and suit expenses pursuant to the order of the trial court dated May 5, 1948.

NUESSLE, Ch. J., and BURKE and CHRISTIANSON, JJ., and GRONNA, District J., concur.

BURR, J., did not participate.