KRAUSE *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY.

1. ELECTION OF REMEDIES—CONTRACTS—TORTS.

Attorney who elected to assert his contractual right against an automobile insurer under his contingent-fee contract with his clients in their action against insured waived his right to proceed with his action in tort against such insurer for having induced his clients to breach their contract with him even though such action was commenced prior to his making such election.

2. ATTORNEY AND CLIENT—SETTLEMENT OF TORT ACTION—CONTINGENT-FEE CONTRACT.

Clients of an attorney have a right to settle their tort action, notwithstanding their contingent-fee contract with the attorney.

3. ELECTION OF REMEDIES—CONTINGENT-FEE CONTRACT—STIPULATION —INTERPLEADER—TORTS—SETTLEMENT.

Attorney who stipulated amount he should receive as due him under his contingent-fee contract in an interpleader suit may not thereafter successfully prosecute a tort action against either his clients or the adverse party who effected a settlement with the clients without the attorney's participation.

4. SAME—TORTS—CONTRACTS.

A plaintiff who sues on one of alternate remedies of tort or contract elects against adopting the other remedy.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4]  18 Am Jur, Election of Remedies §§ 37, 41.
[2, 5, 9, 10]  5 Am Jur, Attorneys at Law § 116.
[6]  41 Am Jur, Pleading § 332.
[7]  30 Am Jur, Interference § 19; 52 Am Jur, Torts § 42.
[8]  52 Am Jur, Torts § 5.
[9]  Validity of stipulation, in contract between attorney and client, prohibiting or restricting right of latter to compromise without former's consent, and effect of invalid stipulation in that regard upon rest of contract.  121 ALR 1122.
[11]  5 Am Jur, Attorneys at Law § 117.

5. DISMISSAL AND NONSUIT—INTERPLEADER—PAYMENT.

Order dismissing attorney's action against defendant indemnity company which had settled action against its insured without plaintiff attorney's knowledge was proper, notwithstanding payment to plaintiff in an interpleader suit, based on his contingent-fee contract with his clients, was not actually received by plaintiff until after order of dismissal.

6. APPEAL AND ERROR—PLEADING—MOTION TO DISMISS.

All properly-pleaded facts alleged in a plaintiff's declaration must be accepted as true in passing upon the trial court's order dismissing the action.

7. TORTS—INTERFERENCE WITH ANOTHER'S CONTRACT RIGHTS.

Generally, the unlawful interference with another's contract rights constitutes an actionable tort.

8. SAME—BAD INTENT.

An act which does not amount to a legal injury cannot be actionable because it is done with a bad intent.

9. ATTORNEY AND CLIENT — SETTLEMENT OF LITIGATION — PUBLIC POLICY.

An agreement by a client with his attorney prohibiting the former from settling pending litigation without the attorney's consent is void as against public policy.

10. SAME—TORTS—SETTLEMENT WITHOUT ATTORNEY'S KNOWLEDGE.

A tort-feasor's insurer has the privilege of negotiating directly with the injured party without knowledge of such party's attorney for the purpose of reaching a settlement of the claim and if successful in inducing a settlement without fraud, commits no legal wrong against the injured party's attorney who had a contingent-fee contract with the client.

11. COMPROMISE AND SETTLEMENT—LIENS OF ATTORNEYS.

A genuine settlement extinguishes the cause of action forever, and the lien of an attorney for plaintiff is subject to the right of the parties to settle.

Appeal from Wayne; Toms (Robert M.), J.    Submitted June 5, 1951.  (Docket No. 20, Calendar No. 44,965.)   Decided September 5, 1951.

Case by Stanley S. Krause against Hartford Accident & Indemnity Company for damages caused by

settlement of case with plaintiff's clients without his knowledge. Case dismissed on motion. Plaintiff appeals. Affirmed.

*Stanley S. Krause, in pro. per.* (*William J. Hamill,* of counsel), for plaintiff.

*Knight, Snider & Feikens,* for defendant.

NORTH, J. Plaintiff, a practicing attorney, on a contingent-fee basis undertook to represent Leo Paquin and Mrs. Paquin in separate claims for damages alleged to have been suffered by them through the negligence of the driver of a motor vehicle which was covered as to liability for personal injury and property damage by a policy of insurance issued by the Hartford Accident & Indemnity Company to the owner of the vehicle. Herein we designate the defendant as the indemnity company.

Through an arrangement by plaintiff another attorney in January, 1949, brought suit in the Federal court for the eastern district of Michigan for Mrs. Paquin. Suit was not started for Mr. Paquin. As the case in Federal court was about to be reached for trial, adjusters of the indemnity company, without knowledge of plaintiff, induced, according to plaintiff's claim, "Leo Paquin and Bessie Paquin, his wife, to discharge plaintiff and thereby break their contingent-fee contract with him." The Paquins, represented by another attorney, subsequently retained, settled their damages for an agreed amount of $7,000. Plaintiff's contingent-fee contract provided he should have 40% of any amount received in settlement, and 50% of any amount recovered if suit were brought. The indemnity company had notice and knowledge of the contingent-fee contract with plaintiff; and evidently on that account caused $3,600 of the settlement money to

be paid into court to be disposed of according to decision in a cross bill of interpleader which the indemnity company had filed in a pending suit for an injunction brought by plaintiff herein in the circuit court in chancery in Wayne county, Michigan.   In the equity suit plaintiff herein sought an injunction against the settlement of the damages alleged to have been suffered by Mr. and Mrs. Paquin "for some amount grossly inadequate and for an amount which would reduce the value of plaintiff's lien to a mere fraction of its real worth."   And plaintiff alleged that his lien on the amounts recoverable by the Pacquins was "reasonably worth $25,000."   The injunction suit was dismissed as to defendant herein. In the interpleader proceedings plaintiff filed a motion to have the funds paid to the clerk of the court turned over to plaintiff.   Thereafter by stipulation of the interested parties the interpleader proceedings were dismissed, the $3,600 fund deposited in the court being disposed of as follows:

"To Stanley S. Krause the sum of . . . . .   $1,530.00
To Karl G. Eisele (the attorney retained
    by the Paquins) the sum of . . . . . . . .   1,350.00
To Leo Paquin the sum of . . . . . . . . . . . . .   360.00
To Bessie Paquin the sum of . . . . . . . . . .   360.00."

Subsequent to dismissal of the injunction suit as to the indemnity company (March 29, 1950), but prior to the stipulated settlement of the interpleader proceedings (October 17, 1950), plaintiff by declaration instituted the instant suit against the indemnity company for damages in a substantial amount alleged to have been suffered by plaintiff as a result of defendant's adjusters having "wilfully and maliciously" induced "Leo Paquin and Bessie Paquin to break their contingent-fee contract with this plaintiff."   The defendant appeared and on June 9, 1950, which was also prior to the stipulated settlement of

the interpleader proceedings, moved to dismiss plaintiff's suit. This motion was heard and granted June 19, 1950. Subsequently the court heard and denied plaintiff's motion to set aside the order of dismissal. Plaintiff's appeal is from these 2 orders of the trial court.

As a ground in support of the order dismissing plaintiff's suit it is asserted in this Court by appellee that in the instant case plaintiff, by the acceptance of $1,530 incident to the stipulated settlement in the interpleader proceedings to which sum plaintiff asserted his right under his contingent-fee contract, elected to assert a contractual right incident to which his remedy was in assumpsit based on his contingent-fee contract; and by having done so plaintiff waived his right to proceed with his present suit in tort and thereby obtain relief, notwithstanding this suit was started prior to plaintiff's acceptance of the $1,530 in settlement of the interpleader proceedings.

Under the circumstances of the instant case, we are in accord with appellee's contention. The parties agree that, notwithstanding plaintiff's contingent-fee contract, Mr. and Mrs. Paquin had a right to settle their claims for damages sustained incident to the automobile accident. See *Nichols* v. *Waters,* 201 Mich 27. On the basis of the settlement made, plaintiff by stipulation received $1,530 in the interpleader proceedings as an amount due him under his contingent-fee contract. Plaintiff thereafter could not successfully prosecute a tort action against either Mr. or Mrs. Paquin or against the defendant herein for damages which he alleges he suffered in consequence of a breach by Mr. or Mrs. Paquin of their contingent-fee contract with plaintiff. Otherwise plaintiff in collecting the amount he asserts is his due under the contingent-fee contract would be permitted to resort to 2 incon-

sistent remedies, one in assumpsit and the other in tort. Under the settled law in this jurisdiction resort to 2 inconsistent remedies is not permissible.

"Where there is an alternative right of recourse to an action based on the theory of a tort committed against the plaintiff and one based on the theory of a right of recovery upon contract or implied contract, the plaintiff, by suing on either theory, elects against adopting the other." 1 Callaghan's Michigan Pleading and Practice, p 217, § 9.10.

Our holding in *Hassberger* v. *General Builders' Supply Co.*, 213 Mich 489, is in accord with the above-quoted statement of law.

"Purchaser's claim that seller of corporate stock promised to purchase it back is inconsistent with claim that he induced said purchase by fraud, and therefore purchaser could not recover on both theories." *Beverly* v. *Richards* (syllabus), 255 Mich 508.

See, also, *Monroe* v. *Hoffman*, 276 Mich 281.

We decline to act in accord with appellant's contention, that since plaintiff did not receive the $1,530 in settlement of the interpleader proceedings until after the trial court had granted defendant's motion to dismiss, therefore this Court in reviewing the trial court's order may not consider plaintiff's acceptance of payment out of the fund deposited in court incident to the cross bill of interpleader filed in the equity suit brought by plaintiff herein against the Paquins and the defendant indemnity company. To so proceed would only open the door for renewal of the motion to dismiss on the basis of present undisputed facts and result in unnecessary additional proceedings in the instant case. On the record before us we conclude that the order of dismissal entered in the circuit court should be affirmed.

But entirely apart from the foregoing, we think the trial judge reached the right conclusion for reasons about to be noted. In passing upon the trial court's order dismissing plaintiff's suit, all properly-pleaded facts alleged in plaintiff's declaration must be accepted as true. *Cell* v. *Yale & Towne Manfg. Co.,* 281 Mich 564; *Greater Muskegon Club Building, Inc.,* v. *Commons,* 321 Mich 371. Hence, in this case the question is presented: Did defendant's alleged wilful and malicious inducement of the Paquins to break their contract with plaintiff constitute an actionable tort on the part of defendant?

From the early case of *Lumley* v. *Gye,* 2 Ellis & Blackburn 216 (118 Eng Rep 749), most of the common-law courts have adopted and enlarged upon the idea that unlawful interference with another's contract rights constitutes an actionable tort. In general that proposition has been adopted in this jurisdiction. See *Morgan* v. *Andrews,* 107 Mich 33; *Wilkinson* v. *Powe,* 300 Mich 275. But the interference must be unlawful in character. Hence, if the defendant in the instant case was privileged to interfere with the contingent-fee contract between plaintiff and the Paquins, the fact that the privilege was exercised without proper motive does not take away the privilege character of defendant's act.

"Bad motive, by itself, * * * is no tort. Malicious motives make a bad act worse, but they cannot make that a wrong which in its own essence is lawful. 'An act which does not amount to a legal injury cannot be actionable because it is done with a bad intent.' " 3 Cooley on Torts (4th ed), § 534, p 545.

The question of the right of an attorney to sue a third party for inducing his client in the absence of the attorney's consent to settle a case is somewhat novel in this State. However pertinent statements

of law will be found in *Nichols* v. *Waters, supra,* and the question has been before the courts of other States. In *Nichols* v. *Waters, supra,* at page 35, we said, "we think the overwhelming weight of authority is in support of the proposition that any agreement by a client with his attorney prohibiting the former from settling pending litigation without the attorney's consent is void as against public policy." Numerous authorities are there cited and we held accordingly. The facts in the case of *Cameron* v. *Barancik,* 173 Ill App 23, are very similar to those in the instant case. The Illinois court said:

"The gist of the charge in the declaration is that Barancik maliciously induced or persuaded Rubish to break his contract with Cameron (who as attorney for Rubish had a contingent-fee contract). We find no evidence that Rubish broke his contract. The contract clearly reserved to Rubish the right to settle his claim, and provides that if he does settle he shall hold all moneys received in settlement as the agent of Cameron. There is no evidence tending to show that Barancik ever induced, persuaded, or attempted to induce or persuade Rubish not to so hold the money, or not to pay over to Cameron the whole or such part of it as he may have been entitled to under the terms of his contract. * * * Moreover, by the contract in question, Rubish not only reserved the right to settle his claim, * * * but if the contract could be construed as in any way preventing him from settling or compromising, it would be void in that respect. * * * A cause of action based solely upon an alleged breach of that part of a contract prohibiting such a settlement, could not be maintained, whether such breach were maliciously induced or otherwise."

Under their contract with plaintiff, the Paquins in the instant case, as Rubish in *Cameron* v. *Barancik,* had the right to settle their claims. And it was the privilege of the defendant herein to negotiate

with the Paquins for the purpose of reaching a settlement. The Massachusetts case of *Herbits* v. *Constitution Indemnity Co.,* 279 Mass 539 (181 NE 723), likewise was a case wherein defendant allegedly " 'wilfully and maliciously and with intent to deprive the plaintiffs of the benefits, advantages and profits' " of a contract of employment to represent the client by settlement or suit in her claim in tort for personal injuries, influenced and induced the client to settle with the alleged tort-feasor for an inadequate amount in consequence of which plaintiffs lost the benefits of the contingent-fee contract for their services. The Massachusetts court held:

"A defendant, 'acting in the exercise of an equal or superior right which comes in conflict' with the right of a plaintiff under his contract, may lawfully interfere with such right of the plaintiff. * * * In this case the act of the defendant which is complained of is the influencing, persuading and inducing the plaintiffs' client to settle her tort action for an inadequate amount. It is not alleged or contended that she was defrauded. The contract between the plaintiffs and their client did not attempt to put any limitation on her right personally to settle the case or on the amount which should be accepted by her in settlement. * * * His (the attorney's) client may without his consent or knowledge settle a pending suit brought and prosecuted by him. * * * The settlement made by the plaintiffs' client was within her contract rights. She committed no breach of her contract with the plaintiffs by making the settlement. It follows that the defendant who induced her to make it committed no legal wrong against the plaintiffs."

There is no allegation of fraud committed against the Paquins in plaintiff's declaration in the instant case, nor is collusion alleged. Under facts similar to those in the instant case, the court in *Fenwick* v.

*Mitchell,* 34 Misc 617 (70 NYS 667) held that by suit in equity an attorney might enforce his lien against the amount for which his client had settled without the attorney's consent. But in its opinion the court said:

"If the parties collusively settled the action before judgment, for the fraudulent purpose of preventing the plaintiff's attorney from getting a lien for his costs by means of a judgment, and of thereby cheating him out of his costs, and the plaintiff was irresponsible, the court would permit the attorney to enter judgment so as to frustrate the fraud.  *  *  *

"Surely we cannot say that the client may settle at will without his attorney's consent,  *  *  *  and then turn about and say that the attorney may, however, repudiate such settlement, and go on harassing the defendant by a continuance of the action as a speculation for his own benefit, to see if he cannot get more than he would get on the basis of the settlement. This would be not only a contradiction both in substance and in terms, but would besides reduce an honorable profession to the level of common barrators. It is not true. A genuine settlement extinguishes the cause of action forever, and the attorney's lien is subject to the right of the parties to settle."

In another New York case the court said: "The existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement. The client is still competent to decide whether he will continue the litigation, or agree with his adversary in the way." *Peri* v. *New York Central & Hudson River Railroad Co.,* 152 NY 521 (46 NE 849).

In the light of the foregoing authorities it must be held that in granting defendant's motion to dismiss and denying plaintiff's subsequent motion to vacate the order of dismissal, the trial court ruled

properly.   The dismissal of plaintiff's suit is affirmed, with costs.

REID, C. J., and BOYLES, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred with NORTH, J.  DETHMERS, J., concurred in the result.