**Thorwald HANSEN, Plaintiff,**

v.

**Susan BARRETT, Defendant.**

**No. 5–60–Civ–15.**

United States District Court
D. Minnesota,
Fifth Division.
May 26, 1960.

Paul J. Louisell, Duluth, Minn., for plaintiff.

Reavill, Jenswold, Neimeyer & Johnson, by John D. Jenswold, Duluth, Minn., for defendant.

DEVITT, Chief Judge.

The defendant has moved for summary judgment in this action for wrongfully inducing a breach of contract. The determinative issue, however, as conceded by the defendant, is whether the complaint states a claim for relief. The complaint alleges:

"Plaintiff, during the life of one Clara E. Pastoret, entered into an agreement with her whereby she retained plaintiff as her attorney during her life to assist her in legal and business matters and, inter alia, made said agreement binding upon the executors of her estate and also executed her Will wherein plaintiff was appointed contingent Co-Executor and sole attorney for her estate.

"Plaintiff accepted said retainer and performed his duties under said contract until defendant being informed and knowing of said contract, wrongfully, illegally, wilfully and maliciously coerced, persuaded and induced said Clara E. Pastoret to breach said contract and to prevent plaintiff from carrying out his duties thereunder and to retain new counsel.

"On May 28, 1956, said Clara E. Pastoret died and left an estate. * * * The primary executor in the Will of decedent hereinabove referred to predeceased plaintiff.

"Solely as a result of defendant's wrongful conduct said other counsel acted as attorney for said decedent during her life after her breach of said contract and as attorney for her estate, instead of plaintiff, and plaintiff was not appointed as Co-Executor of said estate."

The complaint then asks as damages the reasonable charge for probating the estate and protecting it in litigation of $27,000, the reasonable fee as coexecutor of $5,500, and the reasonable value of necessary legal services required by decedent during her remaining life of $5,000. The plaintiff also asks for $15,000 as exemplary damages.

The defendant's main argument is that contract between the plaintiff and the decedent is void as against public policy, and that no tort action can be maintained for inducing the breach of such a contract. The plaintiff's position is that the validity of the contract is immaterial because the "plaintiff's recovery is predicated exclusively upon defendant's wrongful interference with his business relationship with decedent which * * * would have continued regardless of formal contract status."

The contract here is not incorporated in the complaint except by way of summary in the first paragraph. Plaintiff, however, has supplied us with a copy of the contract, which in pertinent part reads:

"Agreement for Retainer

\* \* \* \* \* \*

"Now, Therefore, First party hereby retains second party as her attorney, and second party agrees to act as such attorney in consideration of an annual retainer of Three Hundred Dollars ($300.00); it being contemplated that this agreement shall continue for a period of, at least, three years, and ultimately for the lifetime of first party.

"In consideration of said retainer, it is agreed that second party shall prepare first party's Income Tax Returns and shall advise first party as to conventional and routine legal matters.

"It is agreed that this retainer shall not cover unusual or extraordinary services. If such services are desired and performed, additional compensation shall be paid to second party. And second party, on his part, agrees that Frank Wade, brother of first party, shall have the right to determine the value of such additional services, if any, and to deter-

mine the amount of the fee to be paid therefor.

\* \* \* \* \* \*

"It is the purpose and intention of first party that this agreement shall be binding upon the Executors of the estate of first party \* \* \*."

The agreement then goes on to recite "for the information of the Court," that she has executed a will naming certain executors of her choice and that certain beneficiaries have been intentionally excluded, and that

"It is the purpose of this agreement that first party receive legal guidance to avoid loss and litigation during her lifetime, and the retention of second party as attorney for her estate is to insure that the Executors be guided by counsel with whom first party has conferred during first party's lifetime and who is familiar with first party's wishes and desires."

The agreement closes with the statement that if the arrangement is carried out by the Court, the first party feels it will further her desire to insure harmony and good will between her daughters.

There is some doubt as to just what this contract does provide because of its ambiguous wording. However, the plaintiff's complaint characterizes it as "an agreement whereby [Clara Pastoret] retained plaintiff as her attorney during her life, \* \* \* and made said agreement binding on her executors," and the defendant's brief calls it a "contract between attorney and client by terms of which client binds herself to continue to make use of the attorney's services for the balance of her lifetime, binds her estate to his appointment as executor, and binds her executor to the employment of the attorney."

■ If the complaint is strictly construed to allege only the wrongful inducing of a breach of contract, I am inclined to believe that it does not state a claim for relief. For assuming this contract is void as against public policy, as the plaintiff seems to concede, there

can be no actionable tort for inducing the breach of such a contract. Seitz v. Michel, 1921, 148 Minn. 474, 181 N.W. 106; Prosser, Torts 725 (2d ed. 1955). Or if the contract was merely terminable at will, the termination by Clara Pastoret would not be a breach of the contract, Lawler v. Dunn, 1920, 145 Minn. 281, 176 N.W. 989 and consequently there could be no tort for inducing a nonexistent breach. Cameron v. Barancik, 1912, 173 Ill.App. 23.

■ However, liberally construing the complaint to allege the tort of wrongful interference with prospective economic advantage it seems to me that an action should lie for interference with the lawyer-client relationship. See Miller v. Monsen, 1949, 228 Minn. 400, 37 N.W.2d 543, at page 548 (dictum); Prosser, Torts 745–56 (2d ed. 1955), see also, Royal Realty Co. v. Levin, 1955, 244 Minn. 288, 69 N.W.2d 667. It may be that upon a more extended analysis of legal ethics and the law of executors, certain elements of the plaintiff's damages will not be recoverable, but this should not preclude the plaintiff's suit, assuming the tort exists. See generally, Meagher v. Kavli, 1958, 251 Minn. 477, 88 N.W.2d 871, at page 882; Swaney v. Crawley, 1916, 133 Minn. 57, 157 N.W. 910; Gammons v. Johnson, 1899, 69 Minn. 488, 72 N.W. 563; 76 Minn. 76, 78 N.W. 1035; Horn v. Western Land Ass'n, 1875, 22 Minn. 233.

I am not persuaded that the defendant, who is the sister of the plaintiff's former client, was privileged as a matter of law to do that which is alleged against her. Where an opposing party settles with a client, and thus deprives the lawyer of prospective fees, the interference is justified, Krause v. Hartford Acc. & Indem. Co., 1951, 331 Mich. 19, 49 N.W.2d 41, 45, but here, I believe it is basically a question of reasonableness which, upon proper evidence, will be a question for the jury. Restatement, Torts, §§ 766–772 (1939).

The motion for summary judgment is denied.