ADVANCE INDUSTRIAL SECURITY, INC., Appellant,

v.

WILLIAM J. BURNS INTERNATIONAL DETECTIVE AGENCY, INC., and General Electric Company, Appellees.

No. 23855.

United States Court of Appeals Fifth Circuit.

May 11, 1967.

George S. Brown, Roscoe B. Hogan, Birmingham, Ala., for appellant.

Sydney Lavender, Deramus & Johnston, Birmingham, Ala., for General Electric.

Hobart A. McWhorter, Jr., A. H. Gaede, Jr., Bradley, Arant, Rose & White, Birmingham, Ala., for appellee, William J. Burns International Detective Agency, Inc.

Before RIVES, COLEMAN and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant, Advance Industrial Security, Inc., sued in State Court in Alabama claiming damages for wrongful and malicious interference with contracts with its employees by persuading, procuring or enticing them to leave its employ and enter the employ of William J. Burns International Detective Agency, Inc. The alleged interference occurred at or about the time of expiration of Advance's contract to furnish guard service for the premises of General Electric Company at Huntsville, Alabama. Burns, as low bidder, procured the guard service contract as Advance's successor.

Appellees removed to federal court on diversity grounds and moved for summary judgment based on complaint and answer, pre-trial order, depositions and answers to interrogatories. Advance's complaint was not verified, and it filed no counter affidavits or other contravening matter. The District Court granted summary judgment. We affirm.

This case was particularly suited for summary judgment procedure. There were no material issues of disputed fact. The only questions were of law.

Advance was a Florida corporation which did not qualify to do business in Alabama until after this suit was filed. Its employment contracts with its employees were made in Alabama and without dispute governed by Alabama law. Each employee executed a form agreement, in consideration of his employment and salary, that while employed by Advance (performing security work with Advance's present and future customers), and for a period of six months following termination of employment for any reason, he would not accept similar employment with anyone else.

■ Such an agreement not to compete is severely limited under Alabama law as a contract in restraint of trade.[1] The restraint was not limited geographically, not limited to periods in which Advance was carrying on like business, and had no relation at all to dissolution of a

[1] Tit. 9, § 22, Ala.Code 1940 (Recompiled 1958):
"Contract in restraint of trade, void.— Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent, void."
Tit. 9, § 23, Ala.Code 1940 (Recompiled 1958):
"Exceptions in favor of * * * employer.— * * * one who is employed as an agent, servant, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business * * * within a specified county, city, or part thereof, * * * so long as such employer carries on a like business therein."
Tit. 9, § 24, Ala.Code 1940 (Recompiled 1958):
"Exception in favor of partnership arrangements.—Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same county, city or town * * *."

partnership. See Shelton v. Shelton, 238 Ala. 489, 492, 192 So. 55, 57 (1939); Rush v. Newsom Exterminators, 261 Ala. 610, 75 So.2d 112 (1954); McNeel Marble Co. v. Robinette, 259 Ala. 66, 65 So. 2d 221 (1953).

▇ Advance's agreements with its employees violated the public policy of Alabama in other ways. The corporation was doing business in the state in violation of § 232 of the Alabama constitution of 1901[2] and of Title 10, § 21(92) and (94) of the Alabama Code.[3] The Alabama legislature in Title 10, § 21(89) has declared that a contract made in the state by a foreign corporation which has not qualified to do business is "void at the suit of such foreign corporation." A like policy is expressed by Title 51, § 342.[4]

▇▇ Advance affirmatively seeks to enforce actionable rights predicated upon the employment agreements. It may not thus found its claim on contracts which are void as against the public policy of the state. Jones v. Martin, 15 Ala. App. 675, 74 So. 761 (1917); Paramount Pad Co. v. Baumrind, 4 N.Y.2d 393, 175 N.Y.S.2d 809, 151 N.E.2d 609 (1958); Consolidated Packaging Machinery Corp. v. Kelly, 253 F.2d 49 (7th Cir.) certiorari denied, 357 U.S. 906, 78 S.Ct. 1151, 2 L. Ed.2d 1156 (1958); Hansen v. Barrett, 183 F.Supp. 831, 833 (D.Minn., 1960). "The right to recover for the unlawful interference with the performance of a contract presupposes the existence of a valid enforceable contract." Bailey v. Banister, 200 F.2d 683, 685 (10th Cir., 1952). See generally Ann., 84 A.L.R. 43, 48–49 (1933) supplemented by Ann. 26 A.L.R.2d 1227, 1242–1244 (1952). Cf. Restatement, Torts § 744 (1939).

The attempt affirmatively to base substantive rights on contracts which contravene the interest of the public in general is to be distinguished from substantive rights founded on contracts subject between the parties to defenses of the statute of frauds,[5] contracts terminable at will but otherwise valid so long as voluntarily performed,[6] and a contract of a minor which may be disaffirmed at his election. Ann. 84 A.L.R. 43, 48 (1933); 26 A.L.R.2d 1227, 1242–1243 (1952).

2. Section 232, Constitution of Alabama, 1901:
   "No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. * * *"

3. Tit. 10, § 21(92), Ala.Code 1940 (Recompiled 1958):
   "Unlawful to transact business in state before sections 21(90) and 21(92) complied with; penalty.—It is unlawful for any foreign corporation to engage in or transact any business in this state before complying with provisions of the two preceding sections (respectively providing for the designation of an agent and place of business in Alabama, and payment of a filing fee to the state) * * *."
   Tit. 10, § 21(94), Ala.Code 1940 (Recompiled 1958):
   "Foreign corporations, * * * contracting or doing business in state without license, penalty for.—Any foreign corporation * * * who shall make or attempt to make any contract, agreement, undertaking, or engagement with, by, or in the name of or for the use or benefit of any such corporation without a license authorizing such corporation to do business in this state * * *, shall be guilty of a misdemeanor, * * *."

4. Tit. 51, § 342, Ala.Code 1940 (Recompiled 1958):
   "Void contracts.—All contracts made in this state by any foreign corporation which has not first complied with the provisions of the three preceding sections shall, at the option of the other party to the contract, be wholly void."

5. Robey v. Sun Record Company, 242 F.2d 684 (5th Cir.), certiorari denied, 355 U.S. 816, 78 S.Ct. 20, 2 L.Ed.2d 33 (1957) [applying Texas law].

6. Zelinger v. Uvalde Rock Asphalt Co., 316 F.2d 47, 50–51 (10th Cir., 1963) [applying Colorado law]; American Surety Co. v. Schottenbauer, 257 F.2d 6, 10–11 (8th Cir., 1958) [applying Minnesota law]; Gruen Watch Co. v. Artists Alliance, 191 F.2d 700, 704–705 (9th Cir., 1951) [applying California law]. Compare Hansen v. Barrett, 183 F.Supp. 831, 833 (D. Minn., 1960) [applying Minnesota law] and Zeyher v. S. S. & S. Manufacturing Co., 319 F.2d 606, 607 (7th Cir., 1963) [applying Indiana law].

Lash v. State, 244 Ala. 48, 14 So.2d 229, cert. denied, 320 U.S. 784, 64 S.Ct. 192, 88 L.Ed. 471 (1943), holds "a person's business is his property so long as it is lawfully conducted and is entitled to protection from unlawful interference." But Advance's business was carried on in violation of a legitimate and express state policy and in violation of state criminal law.

In diversity cases the defense of failure of a foreign corporation to qualify under state law is available in federal courts just as in state courts, M. & R. Construction Co. v. National Homes Corp., 286 F.2d 638 (5th Cir., 1961).

It is not necessary to discuss the contentions that the employment agreements lacked mutuality and were void for uncertainty, and that General Electric was charged only with nonfeasance and not with intentional interference with contractual rights.

Affirmed.