FLORENCE DRENNAN, an Infant, by MARGARET DRENNAN, Her Guardian ad Litem, Appellant, *v.* SUN INDEMNITY COMPANY OF NEW YORK, Respondent.

(Argued March 13, 1936; decided May 19, 1936.)

*M. Elliot Gordon* for appellant.

*Joseph F. Hanley* for respondent.

LEHMAN, J.   On July 7th, 1930, the plaintiff was struck and injured by an automobile operated by the Zion Funeral Parlors, Inc.   She recovered a judgment against that corporation for the consequent injuries.   Execution upon that judgment has been returned unsatisfied.   Then the plaintiff began this action to recover the amount of that judgment from the defendant insurance company pursuant to the provisions of section 109 of the Insurance Law (Cons. Laws, ch. 28).   Judgment in favor of the plaintiff in this action was reversed by the Appellate Division and the complaint dismissed.   The problem presented upon this appeal is whether the policy of insurance issued by the defendant insurance company to the Zion Funeral Parlors, Inc., had expired at the time of the accident.

The policy was issued on February 20th, 1930, by Louis C. Kuhn, a general agent of the insurance company.   It was dated February 10th, 1930.   The policy

provided that " The term of this policy is three months, beginning at noon on the 10th day of February, 1930, and ending at noon on the 10th day of May, 1930, Standard Time at the Assured's address hereinafter set forth." The policy bore an " installment payment indorsement " which provided in part:

" The Company, having issued the undermentioned Policy for a period of three months in consideration of an advance premium of $114.00 Liab. $54.00 PD Dollars ($168.00), hereby agrees that at the option of the named Assured, the period of said Policy may be extended as follows: 1. If, on or before date of expiration of the said Policy, the named Assured shall request that it be continued in force for another three months from the said date and shall pay an additional advance premium of $85.50 Liab. $40.50 PD Dollars ($126.00) for said extension, the Company will by endorsement extend the Policy for the said period of three months to expire on August 10th, 1930, at twelve o'clock noon, Standard Time at the named Assured's address given in such policy."

No indorsement extending the policy was ever placed upon the policy, and concededly no payment of premium in advance was made to the company's agent prior to the date set for its expiration. The contract between the parties was embodied in the policy. By its terms it had expired before the date of the accident on July 8th, 1930, but the plaintiff maintains that it was extended by an oral agreement made between the company's agent and the broker of the assured.

We assume upon this appeal that the company's agent did in fact assume to waive the provisions of the policy and to grant an oral extension of the policy without payment of the premium in advance. The question remains whether such oral extension was binding upon the insurance company. It was not binding unless the company had given its agent actual or apparent authority to grant such an extension in behalf of the company. Undoubtedly

the company extended credit to the agent for the payment of premiums paid to the agent. Perhaps the agent had actual or apparent authority to give credit to an assured or to a broker of an assured for the payment of premiums, though the policy provided that such payment should be made in advance. Even though we assume all this, we fail to find in this record any basis for an inference that the company's agent had any authority, either express or apparent, to extend the policy of insurance without indorsement upon it.

The assured had agreed to the provisions of the policy that any extension should be evidenced by indorsement upon it. The assured had notice of a limitation upon the authority of the agent to change or enlarge its terms, for the policy provided that " No erasure or change appearing on this policy as originally printed nor change or waiver of any of its terms or conditions or statements, whether made before or after the date of this policy, shall be valid unless set forth in an endorsement added hereto and signed by the President or the Secretary of the Company. Neither notice given to nor the knowledge of any agent or any other person, whether received or acquired before or after the date of this policy, shall be held to waive any of the terms or conditions or statements of this policy, or to preclude the Company from asserting any defense under said terms, conditions, and statements, unless set forth in an endorsement added hereto and signed by one of the said officers."

The company is bound by any acts or representations of its agents within the scope of this apparent authority. Secret limitations will not avail where the company holds out its agent as having plenary authority; but where the company gives to an assured notice of a limitation upon the authority of an agent, the assured can hold the company upon an agreement made by the agent in disregard of such limitations only where it is shown that the company has removed the limitations.

We have said long ago that " the effect of such stipulations in a contract of insurance as well as the manner in which they may be modified or waived by agents of the company have been so thoroughly discussed, and so clearly pointed out that a reference to some of the more recent cases on the subject is all that is needful here. (*Allen* v. *German Am. Ins. Co.*, 123 N. Y. 6; *Quinlan* v. *Providence W. Ins. Co.*, 133 id. 356; *Messelback* v. *Norman*, 122 id. 583; *Walsh* v. *Hartford Ins. Co.*, 73 id. 5.) Under the doctrine of these cases, we see no escape from the result which the parties to the contract stipulated should follow the breach of the condition, with respect to subsequent insurance, unless consent was given in the manner provided." (*Baumgartel* v. *Providence-Washington Ins. Co.*, 136 N. Y. 547, 551.)

It is true that we have also held that the insurance company may itself waive any contractual condition or restriction in a policy; even the condition that a waiver, extension or change must be in writing. Such waiver may be established by a course of conduct which gives rise to an estoppel or by word or act of a duly authorized agent. (*Pechner* v. *Phœnix Ins. Co.*, 65 N. Y. 195; *Manchester* v. *Guardian Assur. Co.*, 151 N. Y. 88; *Smaldone* v. *President, etc., of Insurance Co. of North America*, 162 N. Y. 580.) That does not mean that the provisions of a policy limiting the powers of an agent, or restricting the manner in which the policy may be extended or its provisions waived, are not given their intended effect. Such provisions are intended to be effectual unless or until the parties agree otherwise and the company can be bound by an agreement of waiver only where such agreement is made by an agent who is authorized to make it. " There is no necessary inconsistency in the decisions of this court on the subject. The determination of the question depends on the rank and authority of the agent and the subject-matter with reference to which he assumes to act." (*Smaldone* v. *President, etc., of Insurance Co. of North America, supra*, p. 583.)

We apply both rules here. The assured accepted a policy which provides that the term of the policy is three months subject to an extension by indorsement upon the policy. No such extension has been indorsed upon the policy. Therefore, according to its terms it had expired before the accident. The alleged oral agreement of extension or waiver of the express terms of the agreement was made by an agent in disregard of the limitations placed upon his authority by the policy. There is no proof in the record that the agent had any authority to make an oral agreement to extend the policy without indorsement or to waive the limitations placed in the policy upon his authority. There is no proof that the company or any officer or general agent knew that the agent assumed to exercise such authority. The assured may have failed to read its policy; the broker of the assured and the agent of the company may have chosen to disregard it; the company has done nothing which justified the assured or the broker in relying upon the promise or assurance of the company's agent beyond the limitation placed upon the agent's authority. It has a right, then, to stand upon the terms of the written policy, and the assured has no policy which places liability upon the company for the injuries suffered by the plaintiff.

The judgment should be affirmed, with costs

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.