Bernard A. Smith, Jr., et al., as Executors and Trustees under the Will of Bernard A. Smith, Deceased, Respondents, v. Zurich General Accident & Liability Insurance Company, Limited, Appellant.— In an action by plaintiffs, the owners of certain premises, against defendant, which had issued policies of public liability insurance covering plaintiffs with respect to such premises, for alleged breaches of contract, defendant admitted liability on the second cause of action at the outset of the trial, consented to judgment thereon and does not appeal from the judgment rendered against it on that cause of action. In the first cause of action, plaintiffs alleged that by reason of defendant's breach of its contract they were compelled to pay the sum of $10,000 in settlement of a claim for damages for personal injuries suffered by a third party on the premises covered by the insurance policy involved. Defendant alleged that written notice of the accident to the third party had not been given it "as soon as practicable," as required by the policy and denied that it had waived such requirement, as plaintiffs contended. In addition, defendant contended that plaintiffs were guilty of a breach of warranty, or a material misrepresentation, as to tenancy of the premises in question, which relieved defendant of liability under the policy. The trial court held, and it became the law of the case, that plaintiffs had not given written notice of the accident to defendant within the time required by the policy but left it to the jury to determine whether prompt oral notice had been given, as alleged by plaintiffs, and whether the requirement of written notice had been waived. The trial court also submitted to the jury the question of materiality of plaintiffs' alleged misrepresentation as to tenancy of the premises and defendant's alleged waiver thereof. Defendant appeals from a judgment, entered upon the jury's verdict, insofar as it adjudges defendant liable on the first cause of action. Judgment, insofar as appealed from, reversed on the law and the facts, with costs, and

judgment modified to provide that the first cause of action in the complaint be dismissed, and that plaintiffs recover of defendant only the sum of $500, with interest thereon and costs. In our opinion, on the facts disclosed by the record, there was, as a matter of law, no waiver by appellant of the policy requirement that written notice be given. The proof at most disclosed only that oral notice was given by telephone to appellant's claim examiner, who did not expressly purport to waive written notice, and the testimony on behalf of respondents was that coupled with such oral notice was a promise that it would be followed by "a formal report." The policy contained a provision that waiver of its terms could be effected only by written indorsement signed by one of certain specified officials, of whom the claim examiner concededly was not one. (*Nothhelfer* v. *American Sur. Co. of N. Y.*, 277 App. Div. 1009.) Although there was proof that appellant on occasion received oral notices by telephone, there was no proof that in such cases written notice was not also furnished and required by appellant. (Cf. *Drennan* v. *Sun Ind. Co.*, 271 N. Y. 182.) We are also of the opinion that the findings by the jury, that respondents' misrepresentation as to tenancy of the premises was immaterial, and that appellant had waived such misrepresentation, were not supported by the evidence. The jury might properly have found on the evidence adduced that the premises were occupied by five tenants, and that appellant knew of such occupancy. There was no proof, however, tending to show that appellant knew that such tenants had leased directly from respondents, and that respondents had not, as they represented, leased the premises in their entirety to one general lessee. In our opinion, appellant did not have such notice as should have excited its attention and called for inquiry to determine whether in fact respondents' representation was false. (Cf. *S. & E. Motor Hire Corp.* v. *New York Ind. Co.*, 255 N. Y. 69.) If judgment were not required in favor of appellant for failure of respondents to comply with the policy provisions requiring prompt notice, a new trial would, in any event, have been ordered because the jury's determination as to materiality of respondents' representation as to occupancy and waiver thereof by appellant was contrary to the weight of the evidence. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur. [See 279 App. Div. 591.]