## BAILEY v. BANISTER et al.
### No. 4513.

United States Court of Appeals
Tenth Circuit.
Dec. 30, 1952.

G. C. Spillers, Jr., Tulsa, Okl. (G. C. Spillers, Tulsa, Okl., was with him on the brief), for appellant.

Ben Franklin, Oklahoma City, Okl. (Satterfield, Franklin & Harmon, Oklahoma City, Okl., E. G. Nahler, St. Louis, Mo., and Doerner, Rinehart & Stuart, Tulsa, Okl., were with him on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Northern District of Oklahoma dismissing plaintiff's amended complaint for the reason that it failed to state a claim upon which relief could be granted.

In substance, the amended complaint alleged that Ben Nicholas Beaver, a restricted Indian, was the owner of approximately 105.5 acres of land in Tulsa County, Oklahoma; that on March 25, 1949, the United States Department of Interior removed a restriction on the sale of the land and authorized the same to be sold by Beaver in accordance with the terms and conditions of the order;[1] that thereafter, on May 4, 1950, Beaver agreed to sell the land to the plaintiff for $16,000; and that the Assistant Area Director of Indian Affairs for the Five Civilized Tribes in Oklahoma accepted the $16,000 from the plaintiff and prepared a general warranty deed to be executed by Beaver and his wife for the purpose of conveying the land to the plaintiff. It was alleged that the Area Director or the Secretary of Interior would have authorized the sale and approved the deed, and that the same was not approved promptly because of the delay in obtaining the signature of Beaver's wife to the deed.

The complaint further alleged that prior to the final approval of the deed the defendant, Banister, as agent for the defendant, St. Louis-San Francisco Railway Company, stated to the plaintiff that if he would agree to sell the railroad company five acres of the land to be selected by it for a consideration of $2,500, that the defendants would not interfere with plaintiff's purchase of the land for $16,000, otherwise defendants would block plaintiff's purchase and the price for the whole tract would be "run up"; that upon plaintiff's refusal to submit to the demand, the defendants notified the Department of the Interior that the railroad company was willing to bid not less than $20,000 for the entire tract if it were offered for sale on bids; that the Department of the Interior then notified the plaintiff that the sale to him was being deferred and that the property would be advertised for sale to the highest bidder provided the railroad company posted a certified check for $20,000 to guarantee a bid of at least that amount, otherwise the deed to the plaintiff would be approved unless plaintiff's offer was withdrawn; and that the railroad company posted a bond guaranteeing a minimum bid of $20,000, and bids for the property were called for. It was alleged that the action of the defendants was willful and malicious and for the purpose of preventing plaintiff's purchase of the land for $16,000; that thereafter the land was offered for sale to the highest bidder at which sale the plaintiff purchased the land for $25,025; and that as a result of the willful and malicious misconduct of the defendants "in interfering with and blocking the purchase of the above described real estate" the plaintiff was damaged in the sum of $9,025, and $100,000 as punitive damages.

The plaintiff does not question the power

---

1. The material portion of the order reads:
"Now, Therefore, I by virtue of the provisions of the deed and the authority conferred upon the Commissioner of Indian Affairs or his duly authorized representative by Secretarial Order No. 2252 of September 6, 1946 (11 F.R. 10296–97) and Supplemental Order No. 2332 of June 5, 1947 (12 F.R. 3889), hereby remove the restrictions from said above described land, such removal of restrictions to become effective only and simultaneously with the execution of a deed by said allottee to the purchaser after said land has been sold in compliance with the directions of the Secretary of the Interior.
"Approved under authority delegated by Secretarial Order No. 2508, January 11, 1949 (14 F.R. 258–260).
"H. M. Critchfield,
"Acting Assistant Commissioner of Indian Affairs."

of Congress to impose, continue, remove, qualify or reimpose restrictions on the sale or conveyance of lands belonging to individual Indians, nor is it contended that a purchaser of restricted Indian lands could obtain a good title without the approval of the Secretary of Interior or other authorized governmental officer. McElroy v. Pegg, 10 Cir., 167 F.2d 668, certiorari denied 335 U.S. 817, 69 S.Ct. 36, 93 L.Ed. 371; State of Oklahoma v. United States, 10 Cir., 155 F.2d 496; United States v. Getzelman, 10 Cir., 89 F.2d 531, certiorari denied 302 U.S. 708, 58 S.Ct. 27, 82 L.Ed. 547. Plaintiff's claim for damages apparently is based upon his right to contract with another without unlawful interference by a third party.

■■ Where an Indian holds legal title to lands with a restriction against alienation, the title may be transferred only under rules and regulations prescribed by the Secretary of Interior, and with his consent and approval or that of his duly authorized representative. 25 U.S.C.A. §§ 348, 405, 483; 25 C.F.R. Sec. 241.36; McElroy v. Pegg, supra; United States v. Williams, 10 Cir., 139 F.2d 83, certiorari denied 322 U.S. 727, 64 S.Ct. 943, 88 L.Ed. 1563; United States v. Watashe, 10 Cir., 102 F.2d 428; Johnson v. United States, 10 Cir., 64 F.2d 674, certiorari denied 290 U.S. 651, 54 S.Ct. 68, 78 L.Ed. 565; United States v. Brown, 8 Cir., 8 F.2d 564, certiorari denied 270 U.S. 644, 46 S.Ct. 210, 70 L.Ed. 777. Beaver's title to the land in question contained a restriction against its alienation. This restriction was removed by the March 25, 1949 order, but the removal was conditional. It was to become effective only and simultaneously with the execution of a deed to a purchaser after the land had been sold in compliance with direction from the Secretary of Interior. It is obvious that the Secretary intended to retain supervision over the disposition of the land and that the title remained restricted until the approval of the Secretary of Interior or his duly authorized agent was obtained and a sale was completed. Until the sale was approved, the plaintiff had acquired no legal right to demand the delivery of the deed, and the defendants or anyone else had the right to compete with the plaintiff for the purchase of the land regardless of their motives. 25 C.F.R. 241.36–241.38; Western Electric Co. Inc., v. Hammond, 1 Cir., 135 F.2d 283; Fairbanks, Morse & Co. v. Texas Electric Service Co., 5 Cir., 63 F.2d 702, certiorari denied 290 U.S. 655, 54 S.Ct. 71, 78 L.Ed. 567; Conway v. Skelly Oil Co., 10 Cir., 54 F.2d 11; Colorado Paving Co. v. Murphy, 8 Cir., 78 F. 28, 37 L.R.A. 630; National Life & Accident Ins. Co. v. Wallace, 162 Okl. 174, 21 P.2d 492; Union Car Advertising Co. v. Collier, 263 N.Y. 386, 189 N.E. 463; Goldman v. Harford Road Bldg. Ass'n, 150 Md. 677, 133 A. 843; Restatement, Torts, Sec. 773.

■ So far as the United States was concerned, plaintiff had merely made an offer for the land and it was under no legal duty to accept the same or approve the transfer. It had the duty to its ward to obtain the best possible price for the property and no doubt that was one of the reasons why the removal of the restriction was conditional.

■ The right to recover for the unlawful interference with the performance of a contract presupposes the existence of a valid enforceable contract. Baruch v. Beech Aircraft Corp., 10 Cir., 175 F.2d 1, certiorari denied 338 U.S. 900, 70 S.Ct. 251, 94 L.Ed. 554; Franhan Distributors, Inc. v. New York World's Fair, 1939, Inc., 2 Cir., 124 F.2d 82, certiorari denied 316 U.S. 687, 62 S.Ct. 1277, 86 L.Ed. 1759; Meyer v. Washington Times Co., 64 App.D.C. 218, 76 F.2d 988, certiorari denied 295 U.S. 734, 55 S.Ct. 646, 79 L.Ed. 1682; Harley & Lund Corp. v. Murray Rubber Co., 2 Cir., 31 F.2d 932, certiorari denied 279 U.S. 872, 49 S.Ct. 513, 73 L.Ed. 1007; Grimm v. Baumgart, 121 Ind.App. 626, 96 N.E.2d 915, 97 N.E.2d 871. Since the plaintiff was without an enforceable contract, the defendants did no more than what they had a legal right to do, that is, offer more money for the land. Even in cases where a breach of contract has been procured, there is no liability if the breach was caused by the exercise of an absolute right. Anno. 84 A.L.R. 43, page 63; Fairbanks, Morse & Co. v. Texas Electric Service Co., supra;

686

Harley & Lund Corp. v. Murray Rubber Co., supra; Sidney Blumenthal & Co., Inc., v. United States, 2 Cir., 30 F.2d 247, certiorari denied Admiral-Oriental Line v. U. S., 279 U.S. 847, 49 S.Ct. 345, 73 L.Ed. 991; O'Brien v. Western Union Telegraph Co., 62 Wash. 598, 114 P. 441. This is not a case where the defendants employed fraud, coercion or intimidation to induce one not to contract with another.

The plaintiff contends that the attempt of the railway company to purchase the land was prohibited by Article 22, Sec. 2 of the Oklahoma Constitution, and a violation of Title 18, § 1.20 et seq. of the Oklahoma Statutes. Ann.1951, and that by these constitutional and statutory provisions, the railway company had no right to acquire the land. There is no merit in this contention. The constitutional provisions and the statute do not prohibit the railway company from acquiring fee simple title to real estate which is necessary and proper for the purpose of carrying on its business. Knoell v. Frisco Lease, Inc., 10 Cir., 78 F.2d 286; Marland v. Gillespie, 168 Okl. 376, 33 P.2d 207, 230. There is nothing in the record here to imply that the property was to be used in violation of the law.

Judgment is affirmed.