CONSOLIDATED PACKAGING MA-
CHINERY CORPORATION,
Plaintiff-Appellee,

v.

Richard J. KELLY, Executor, etc.,
Defendant-Appellant.

Richard J. KELLY, Executor, etc.,
Plaintiff-Appellant,

v.

INTERNATIONAL PAPER COMPANY,
Defendant-Appellee.

No. 12070, 12071.

United States Court of Appeals,
Seventh Circuit.

Feb. 7, 1958.

Rehearing Denied April 8, 1958.

Writ of Certiorari Denied June 9, 1958.
See 78 S.Ct. 1151.

J. Edgar Kelly, Wilfred S. Stone, Chicago, Ill., for appellant.

John Vaughan Groner, New York City, James P. Hume, Chicago, Ill., James D. Bock, New York City, of counsel, for appellee.

Before FINNEGAN, SCHNACKEN-BERG and HASTINGS, Circuit Judges.

FINNEGAN, Circuit Judge.

For many years Thomas C. Kelly, now deceased, was a sales representative of plaintiff, Consolidated Packaging Machinery Corporation, a manufacturer and seller of packaging machinery Kelly designed, and on September 5, 1939 obtained United States Letters Patent No. 2,171,572 on a machine described as a cottoner (Cottoner or Kottoner) which inserted a wad of cotton into the neck of a bottle or jar. Subsequently plaintiff became the exclusive licensee of Kelly, as licensor, under an agreement dated December 12, 1939. For the right to manufacture and sell machines under Kelly's patent, plaintiff agreed, inter alia, that it would not manufacture and sell any other cottoners and would pay Kelly royalties on the gross selling price of such machines. During the period 1939 to 1944 plaintiff manufactured, sold cottoners and paid Kelly royalties.

On June 13, 1944, the plaintiff Consolidated, entered into an agreement with Eino E. Lakso, owner of Lakso U.S. patents Nos. 2,269,722 and 2,304,932 for methods and apparatus for inserting packing in containers. Under this contract Lakso granted Consolidated an exclusive, royalty-bearing, non-transferable license, for those two patents.

This lawsuit pivots on several clauses, reprinted below, contained in a superseding contract by and between Consolidated and Kelly who signed it on June 3, 1944.

"9. It is further agreed between the parties hereto that the minimum price per machine of either type shall be Two Thousand Five Hundred Dollars ($2,500.00) and that the maximum price on standard machines shall be Five Thousand ($5,000.00) unless the machines embody special features of construction, and that such price range shall be maintained unless changes therein are mutually agreed to in writing."

"12. It is further provided that in the event the Licensee shall fail to secure and maintain an exclusive license under the Lakso patents aforesaid, the royalty of 7½% to be paid to Kelly as herein provided for shall be increased to 15%, and that Licensee shall be obligated to confine its manufacture of Cottoner machines exclusively to machines of the Kelly type unless the Licensor shall otherwise agree to the modification of the provisions of this paragraph."

In 1946 plaintiff advised Kelly that the June 3, 1944 agreement was illegal and plaintiff ignored Kelly's offer of cancellation. Consolidated performed under that contract from June 3, 1944 to February 20, 1956 when plaintiff filed its complaint for a declaratory judgment in the district court. Thomas C. Kelly died in June, 1955 and Richard J. Kelly, the executor of his estate, is the defendant in this appeal.

By its deceptively simple appearing complaint Consolidated asked the district judge to declare the license agreement of June 3, 1944 (Consolidated-Kelly) invalid, unenforceable and rescinded.

Each side filed a motion for summary judgment and submitted supporting affidavits. The relevant agreements, and some correspondence, were all before the district judge when he entered the following final judgment from which defendant appealed.

"1. The agreement of June 3, 1944, because of its price-fixing provision and because of its provision limiting the right of Consolidated to manufacture and sell machines competitive with the Kelly machine, is invalid and unenforceable.

"2. Consolidated has no duty or obligation of any nature under said agreement of June 3, 1944.

"3. The illegal portions of said agreement of June 3, 1944, are integrated with all other portions and are not severable therefrom.

"4. Said agreement of June 3, 1944, is of no force and effect and is herewith terminated."

There are two prongs in the argument plaintiff sponsors in support of the judgment striking down the Consolidated-Kelly agreement of June 3, 1944. The first, and perhaps slightly more significant runs in this vein. Obviously Kelly is an utter stranger to all interests in the Lakso patents yet under clause 9, supra, the 1944 agreement, Kelly and Consolidated provided for a maximum and minimum price at which plaintiff may sell cottoners manufactured under the Kelly license and also those produced under Lakso patents. Plaintiff, then, is conceding it has violated the "anti-trust laws" by joining with Kelly in fixing prices on Lakso products which were unpatented by Kelly, though he could legally set prices for products flowing from his patent, but no others. This contention assumes price fixing is embedded in clause 9 and that the Kelly-Lakso pricing is inseparable and permeating the total contract.

The statement of claim filed below is over-simplified, even under Rule 8, Federal Rules of Civil Procedure, 28 U.S.C., and instead of invoking Rule 12, defendant simply moved for summary judgment. Later plaintiff also made such a motion under Rule 56, Federal Rules of Civil Procedure. Of course allegations in plaintiff's complaint are admitted when not denied. Rule 8, supra. Neither a trial nor oral arguments were had below. Only an issue of law was presented for

decision by the trial judge and the result reached by him was correct. We think the challenged license agreement an integrated price-fixing arrangement between the parties and in violation of the Sherman Act, 15 U.S.C.A. § 1. United States v. Line Material Co., 1948, 333 U.S. 287, 68 S.Ct. 550, 92 L.Ed. 701.

## No. 12071.

Kelly's executor sued International Paper Company for allegedly inducing breach of the identical contract invalidated by the district judge, and discussed here. Granting International's motion for summary judgment in this companion case was correct. The critical contract was unenforceable. Bailey v. Banister, 10 Cir., 1952, 200 F.2d 683, 685.

Nothing else in the briefs filed for Kelly's executor, as plaintiff-appellant, demands mention in this opinion for we found appellant's points are without merit.

Judgments in appeals numbered 12070 and 12071 are each respectively affirmed.