In the Matter of the Claim of GILBERT DYER, Respondent, against VERA LABEDZKI, Respondent, and GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LIMITED, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 2, 1958.

*Hancock, Dorr, Ryan & Shove* (*John F. Gates* of counsel), for appellant.

*John Shaffer* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, P. J. This is an appeal from a decision of the Workmen's Compensation Board which held that the appellant insurance carrier was on the risk at the date of an alleged accident. No award was made to the claimant because at the time he was confined in a penal institution in the State of Massachusetts. On this appeal the appellant insurance carrier contests only the ruling that it was on the risk at the date of the accident, and argues that its policy covering the employer had expired prior to the accident and had not been renewed.

Some time in 1953 the employer obtained a standard workmen's compensation policy from appellant to cover her restaurant business in the City of Syracuse. The period of coverage named in the policy was from March 24, 1953 to March 24, 1954. She obtained the policy through an agency in the City of Syracuse.

In March of 1954 the employer still owed to the agency $169.75 on various policies written by the appellant, including the compensation policy in question. On March 10, 1954 the appellant carrier notified the agency by letter that it would not renew its insurance with the employer because "our loss ratio on this line is over one hundred per cent and the prospects for the future do not appear any brighter." Subsequently the agency wrote the employer a letter dated March 18, 1954 which read as follows: "In checking our account we find that we have outstanding on your 1953 account the amount of $169.75. In view of this fact we will be unable to issue any renewal of insurance until this old account is cleared up in full."

The employer then paid the back premiums by check dated March 23, 1954, one day before the expiration date of the policy, and the accident occurred March 29, 1954. The employer did not apply for a renewal policy, nor did the agency or the carrier issue one.

The decision of the board apparently rests upon three possible theories: (1) the insurance carrier and its agency failed to make it clear to the insured that the compensation policy was

not to be renewed; (2) the employer was lulled into a feeling of security and had reason to believe that if she paid the past-due bill a renewal policy would follow as a matter of course and the carrier is estopped from denying coverage; (3) the letter to the employer requesting payment of past-due premiums was an offer to renew which was accepted by employer's payment and thereupon secured a renewal for one more year.

It is clear that the agency had no actual authority to issue a renewal policy to the employer. The appellant's letter of March 10, 1954 distinctly withdrew such authority if it ever existed. If the decision of the board is to be affirmed it must be on the apparent authority of the agency. If an insurance company holds out apparent authority for an agency to do certain acts that apparent authority of course will prevail over all private agreements between the company and the agency unless a notice of limitation is given to the person dealing with the agency. (*Drennan* v. *Sun Ind. Co.*, 271 N. Y. 182; Restatement, Agency, § 8.) On the record before us the proof of apparent authority was scanty and not developed thoroughly.

The letter demanding back premiums, and payment by the employer in response thereto, did not constitute an estoppel running against the agency and the carrier, or a renewal of the policy, in the absence of proof of custom or course of dealings between the parties, sufficient to establish apparent authority in the agency, and such as to mislead a reasonably prudent person into believing that renewals would be automatically made. The letter merely stated that the agency could not issue renewals for five policies, including the policy in question, unless the old policies were paid up. True, it was inferentially deceptive because the agency already knew that its authority to renew the employer's policies had been revoked, but even so this was not sufficient to estop the carrier from denying the existence of a new contract unless it was bound by custom or a previous course of dealings with the employer. Since the record is abortive in that respect we deem it proper to remit the matter for further proof.

The decision should be reversed and the matter remitted.

BERGAN, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Decision reversed, with costs to the appellant and against the Workmen's Compensation Board, and matter remitted for additional proof, if the parties are so advised.