Stewart UDALL, Secretary of the Interior, Department of Interior of the United States of America, Appellant,

v.

Bert TAUNAH, Leon Taunah and Ilena Floy Taunah Stapp, Appellees.

Roberta RED ELK, on her own behalf and on behalf and as natural guardian of Robert Red Elk, Ozzie Red Elk, Clifford Red Elk, Lindy Red Elk, Florine Red Elk, Elgin Red Elk, Jr., and Tina Red Elk, Appellants,

v.

Bert TAUNAH, Leon Taunah and Ilena Floy Taunah Stapp, Appellees.

Nos. 9679, 9680.

United States Court of Appeals Tenth Circuit.

July 18, 1968.

---

Raymond N. Zagone, Atty., Dept. of Justice (Clyde O. Martz, Asst. Atty. Gen., B. Andrew Potter, U. S. Atty., Robert L. Berry, Asst. U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, on the brief), for appellant, Stewart L. Udall, Secretary of the Interior.

Angelo A. Iadarola, Washington, D. C., (Funston Flanagan, Walters, Okl., and Robert W. Barker and Jerry C. Straus, of Wilkinson, Cragun & Barker, Washington, D. C., on the brief) for appellants, Roberta Red Elk, Robert Red Elk, Ozzie Red Elk, Clifford Red Elk, Lindy Red Elk, Florence Red Elk, Elgin Red Elk, Jr. and Tina Red Elk.

Houston Bus Hill and Coleman Hayes, Oklahoma City, Okl., for appellees Bert Taunah, Leon Taunah and Ilena Floy Taunah Stapp.

Before PHILLIPS, HILL and HICKEY, United States Circuit Judges.

HILL, Circuit Judge.

This is an appeal from the district court's decision reversing a holding of the Secretary of Interior that a claim brought by appellees Bert Taunah, Leon Taunah and Ilena Floy Taunah Stapp against that part of the estate of Elgin Red Elk consisting of restricted Indian property was not allowable. The Taunahs, restricted Indian wards, base their claim upon an alleged family settlement agreement entered into with their half-brother, Elgin Red Elk, in 1954. The parties stipulated that the records from the proceedings before the Department of Interior should be included in and made a part of the record on this appeal. Although the proceedings have been numerous, there has not been to date any determinations by a fact finder on any controversies of fact which may exist.

The basic and uncontroverted facts, however, show the following. Elgin Red Elk was the illegitimate child of Flora Taunah. Leon Taunah and Ilena Taunah Stapp are children of Flora and Bert Taunah and thus Elgin was their half-brother. Flora Taunah died in 1954, leaving her entire estate by will to Elgin Red Elk which included her right to certain restricted property which is the property involved in the instant suit. The Examiner of Inheritance approved Flora Taunah's will [1] and the disposition of all her property to Elgin Red Elk was made final in 1955. Elgin Red Elk and appellees entered into a family settlement contract concerning the property willed to Red Elk by Flora, on July 19, 1954, whereby he agreed to divide equally with appellees the unrestricted land received by him from his mother and in addition agreed that "the oil income from restricted lands belonging to said dece-

---

1. The probate proceeding was uncontested by appellees.

dent [Flora Taunah] shall be divided equally between the parties." A supplemental contract was entered into in 1955, however, the above quoted provision remained the same. The unrestricted property devised to Elgin Red Elk was divided pursuant to the contract. Further, it appears that Elgin Red Elk during his lifetime divided the oil royalties from the restricted property with Leon and Ilena.

Between 1954 and Elgin Red Elk's death in 1959, appellees made two attempts to procure the approval of the settlement agreement. The first attempt was made in 1955 when they presented the matter to the Examiner of Inheritance for Flora's estate, who referred appellees to the Office of the Area Director. In 1955 they presented the matter to the Field Solicitor for the Area Director and he declined to act until they procured appropriate deeds from Red Elk.

Elgin Red Elk died intestate in 1959, the result of an automobile accident, and left surviving his wife, Roberta, and seven children. The portion of his estate consisting of restricted property was administered under the authority given to the Secretary of the Interior. After the death of Red Elk appellees presented their claim based upon the agreement to the Examiner of Inheritance for that estate and the Examiner refused to approve the claim because the Flora Taunah estate had long since been closed. Appellees' petition for the rehearing was thereafter denied and they appealed to the Secretary. The Secretary denied them relief and this action followed.

Appellees commenced this action on March 12, 1965, seeking judicial review of the Secretary's determination and requested the district court to set aside the decision of the Secretary and direct him to approve the contract and distribute the restricted property of Elgin Red Elk in accordance therewith. The Secretary filed a motion for summary judgment on April 12, 1966, which was denied. Roberta Red Elk and her seven children then intervened on July 26, 1966, and also filed for summary judgment. This motion was also denied. The case was submitted to the district court upon the full administrative record before the Secretary. On April 27, 1967, the district court entered a judgment reversing the decision of the Secretary and ordering him to approve and give effect to the contract of 1954. This decision was based on the district judge's determination that the Secretary's actions "resulted from a mistaken belief that he had no power or authority to approve such agreement." The court went on further to rule that "the record reflects the existence of no good or sufficient reason which could support the refusal of the Secretary to approve the family settlement agreement * * * in which circumstances his refusal was as a matter of law, arbitrary, unreasonable and capricious."

Appellants assert that absent approval by the Secretary the contract of 1954 insofar as it related to the conveyance of restricted property was null and void and of no consequence. This position is undisputed by appellees. However, the case turns rather on the nature of the Secretary's decision. It was the district court's opinion that the Secretary refused to approve the contract because he felt that he did not have the authority to do so. At no place in the Secretary's decision, however, does he disavow his authority to approve the contract. There is no question but that included within the Secretary's authority and control of restricted allotted lands is the power to have approved the contract even though presented to him after the death of the allottee. See Lykins v. McGrath, 184 U.S. 169, 22 S.Ct. 450, 46 L.Ed. 485. The Secretary quotes with approval the Examiner of Inheritance's statements to the effect that " * * * this contract does not relate to any agreement or settlement made in connection with his estate. The estate of Pe-a-wife-ah (Flora Taunah), probate number 8857–55, is long since closed and that decedent's will was received and approved without objection or even mention of

this contract. Even if so disposed, this Examiner would be without authority at this time to consider whether this contract constituted some valid agreement or family settlement relating to that prior estate." Although this statement may well be true for the Examiner of Inheritance it is not disputed by appellants that it would not apply to the Secretary [2] and in itself should not have prevented him from considering the question of the approval of the conveyance of the allotted lands based upon the merits of the family settlement contract.

The Secretary further stated that it "appears that the contract in question has been previously unfavorably considered by officials of this Department." The Secretary then referred to the attempts made by appellees in 1955 to bring the contract to the attention of the Secretary's representatives. As previously noted, however, in neither instance was any consideration given the contract upon the merits of the consideration underlying and validity of the family settlement contract. Rather in each instance the party to whom the contract was presented refused to act upon the proposed matter. The Secretary, however, apparently based his decision not to further consider the merits of the contract upon the above three grounds. While this is not a disavowal of authority to approve the contract it is a failure to exercise his authority and consider the contract on its merits. The result is that at no time has consideration been given the contract on its merits. Although it may be true that appellees have not been skillful in pursuing approval of the contract by the proper administrative fashion we feel that the failure of the Secretary to give any consideration to the merits of the contract was an ab-

dication of his responsibilities requiring a remand for a hearing concerning the appropriateness of approval of the family settlement contract. While a court on review will not ordinarily overturn matters within the Secretary's discretion, see Prairie Band of Pottawatomie Tribe of Indians v. Udall, 10 Cir., 355 F.2d 364, it is well established that the court may issue mandamus to require the exercise of permissible discretion by the Secretary. United States ex rel. Chicago, G.W.R. Co. v. Interstate Commerce Comm., 294 U.S. 50, 55 S.Ct. 326, 79 L.Ed. 752, Sleeth v. Dairy Products Co., 4th Cir., 228 F.2d 165.

As expressed above, there has apparently never been a hearing in which a finder of fact examined the relevant circumstances surrounding the execution of a family settlement contract. Appellants set out numerous factors which they suggest would justify a determination that approval of the contract was not warranted. It is unnecessary to discuss the merits of these contentions as our reading of the Secretary's opinion shows that these were not the circumstances upon which the Secretary based his refusal to approve the contract. Likewise appellees' argument that the district court was correct in proceeding to hold that no facts would support the Secretary's refusal to approve the contract is refuted by the broad scope of the Secretary's discretion in approving contracts.[3] On the record before us we cannot say that facts do not exist which would be sufficient to justify a determination not to approve the contract. On the other hand while this court cannot make a determintion on the merits it does note that the contract was apparently voluntarily entered into and complied with during the life of Elgin Red

---

2. Since the property remained as restricted land in the trusteeship of the Secretary there is clear authority for him to consider the contract notwithstanding the passage of time since the closing of Flora Taunah's estate. See 25 C.F.R. §§ 2.14, 2.25, Lane v. United States ex rel. Mickadiet, 241 U.S. 201,

36 S.Ct. 599, 60 L.Ed. 956, Hanson v. Hoffman, 10 Cir., 113 F.2d 780.

3. See Lykins v. McGrath, 184 U.S. 169, 22 S.Ct. 450, 46 L.Ed. 485; Gray v. Johnson, 10 Cir., 395 F.2d 533; Bailey v. Banister, 10 Cir., 200 F.2d 683; and Bacher v. Patencio, D.C., 232 F.Supp. 939, aff'd, 9 Cir., 368 F.2d 1010.

Elk. Barring any fraud or coercion on the part of the appellees, it is difficult to see why the contract should not be approved. This court has previously stated that family settlement contracts are to be looked upon with favor. Scott v. Beams, 10 Cir., 122 F.2d 777, 786.

There is no merit to appellants' claim that appellees are barred by laches because they did not file this action until eleven months after the Secretary's decision. Appellants cite to no circumstance to show how they have been prejudiced by the delay of eleven months sufficient to bar appellees from seeking judicial review of the Secretary's decision.

The judgment appealed from is set aside and the case is remanded with directions to stay further proceedings in the case in order that appellees here may institute further and appropriate administrative proceedings before the Department of the Interior for the purpose of obtaining such relief as they may be entitled to in accordance with this opinion.