**UNITED STATES of America, Plaintiff,**

v.

**Leon TAUNAH, et al., Defendants.**

**No. CIV–78–1242–D.**

United States District Court,
W.D. Oklahoma.

March 1, 1983.

Larry D. Patton, U.S. Atty., and John E. Green, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

Houston Bus Hill, Coleman Hayes and James M. Peters, Oklahoma City, Okl., for defendants.

## OPINION

DAUGHERTY, District Judge.

The United States of America, Plaintiff herein, brings this suit on behalf of Roberta (Rebecca) Jean Atchhavit Atetewuthtakewa Red Elk (21/63), Robert Atetewuthtakewa Red Elk (7/63), Ozzie Atetewuthtakewa Red Elk (7/63), Clifford Atetewuthtakewa Red Elk (7/63), Florine Atetewuthtakewa Red Elk (7/63), Elgin Atetewuthtakewa Red Elk, Jr. (7/63), and Tina Atetewuthtakewa Red Elk (7/63), as Indian wards of the government and the heirs of Elgin Red Elk,[1] former Indian ward of the government, to quiet title to the following described lands:

> Lot 1 and the Southeast Quarter, Northeast Quarter, (SE/4 NE/4), containing 79.97 acres, more or less, subject to 1.65 acre right-of-way for public road granted to State of Oklahoma, in Section 3, Township 4 South, Range 10 West, Indian Meridian, in Cotton County, Oklahoma.

---

1. These appear to be the sole and only heirs of Elgin Red Elk.

The Defendants, Leon Taunah, deceased; the unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote of said Leon Taunah, deceased; Freida Taunah; Malcolm Clarence Taunah; and Lebert Taunah oppose the quiet title suit of the government. The Defendant State of Oklahoma, ex rel. Oklahoma Tax Commission has disclaimed herein.

The government asserts that the subject property was acquired by warranty deed dated November 16, 1949 and filed of record on November 22, 1949 to Pe-a-wife-ah (also known as Flora Taunah), Comanche Indian Allottee No. 1929, now deceased. The warranty deed to her contained the provision: "Subject to the condition that this land cannot be alienated or encumbered without the consent of the Secretary of the Interior." Plaintiff further asserts that payment for this land was made from restricted funds accumulated by oil royalty payments held in trust and under the control of the government for Flora Taunah, an Indian ward of the government. Also, Plaintiff alleges these restricted funds would not have been released by the government for the purchase of this land for Flora Taunah except with said provision in the deed above quoted by which the land became restricted land as to alienation, the same as were the restricted funds which were used to pay for the land. Moreover, the evidence shows that Flora Taunah understood and agreed to said restriction on said land.

Flora Taunah died testate on or about June 24, 1954. Her will was duly probated and by the same title to the described land was devised and vested in Elgin Red Elk, son of Flora Taunah. The disposition of all her property to Elgin Red Elk was made final in 1955. Elgin Red Elk died in May of 1959 and this action is brought on behalf of his heirs above named to quiet title to said property in them. Before Elgin Red Elk

died he and his wife Roberta on June 30, 1957, deeded said land to Leon Taunah. This deed was not approved by the Secretary of the Interior. During the probate of the will of Flora Taunah, her heirs, including Elgin Red Elk, entered into what has been called a "family settlement contract" dated July 19, 1954 by which a disposition of the property of Flora Taunah, including the land above described, different from that directed in her will, was agreed upon. Said agreement was to overcome or settle a threatened contest of her will by those heirs of Flora Taunah other than Elgin Red Elk. This "family settlement contract" apparently was not presented to the probate judge, for the will of Flora Taunah was probated in accordance with its terms with title to the above described property being devised and vested solely in Elgin Red Elk. Also, this "family settlement contract" was not approved by the Secretary of the Interior at that time or thereafter, at least as to the property described above.[2] Leon Taunah and some or all of the Defendants took possession of said land after receiving the deed from Elgin Red Elk and Defendants or some of them are presently in possession of the same.

It is Plaintiff's contention that said land by virtue of the above quoted provision contained in the warranty deed to Flora Taunah is restricted land; that title to said land passed from Flora Taunah by her probated will to Elgin Red Elk and upon his death passed to his heirs by probate proceedings; these heirs are represented in this suit by the Plaintiff; that the deed from Elgin Red Elk to Leon Taunah has never been approved by the Secretary of the Interior; that the "family settlement contract" has never been approved by the Secretary of the Interior as to the property involved herein and described above. In these circumstances it is Plaintiff's contention that said property is owned by the

---

**2.** There is some evidence before the Court indicating that the Secretary of the Interior may have approved certain provisions of said "family settlement contract" as to certain oil and gas interests and funds, but there is no evidence before the Court that the Secretary of the Interior has ever approved the said "family settlement contract" as to the land described above and involved in this litigation.

heirs of Elgin Red Elk whom it represents herein and that title to said property should be quieted in Plaintiff for and on behalf of the heirs of Elgin Red Elk and Defendants or those in possession under them should be ordered to surrender possession of the property and be enjoined from claiming any interest therein.

It is the contention and defense of the Defendants that the above quoted provision in the deed is not a valid provision and that the land as and when held by Flora Taunah was not restricted land. Alternatively, if said restriction is a valid restriction, that the same terminated upon the death of Flora Taunah and was not imposed on the property at the time Elgin Red Elk executed his deed thereon to Leon Taunah. It is the further contention of the Defendants that the said "family settlement contract" as to the land described above and/or the said warranty deed from Elgin Red Elk to Leon Taunah has or have been in fact approved one or both by the Secretary of the Interior. Therefore, Defendants assert that under any of these contentions they own the legal title to said land and Plaintiff is not entitled to quiet title therein in the heirs of Elgin Red Elk.

Based on the evidence presented and the applicable law, the Court finds and concludes as follows:

■ The Bureau of Indian Affairs held restricted funds to the credit of Flora Taunah. These restricted funds were used to purchase the above described property. Flora Taunah would not have been permitted to use said restricted funds to buy said property unless said property as purchased would likewise be restricted property not to be conveyed without the consent of the Secretary of the Interior as provided in the warranty deed to Flora Taunah. The above facts are clearly established herein by documentary evidence. The Court rejects the Defendants' contention that said

provision in the deed is invalid. Our Circuit in *United States v. Getzelman,* 89 F.2d 531 (10th Cir.1937), and certain cases which followed, has held as follows:

"... but ordinarily the insertion of a provision against alienation in a deed conveying land to an Indian ward cannot impose restrictions unless the land is acquired with money under the supervision of the Secretary and the insertion of the provision is exacted as a condition to the use of the money for that purpose."

Also see *United States v. Brown,* 8 F.2d 564 (8th Cir.1925); *United States v. Williams,* 139 F.2d 83 (10th Cir.1943) and *Ward v. United States,* 139 F.2d 79 (10th Cir.1943).

In view of this law and the facts as above found, the restrictive provision in the deed is valid and Defendants' contention to the contrary is without merit. Documentary evidence establishes restricted funds in the hands of the Secretary to the credit of Flora Taunah and by Treasury Check No. 87,964 dated November 30, 1949 some of these funds in the amount of $5,250.00 were transmitted by the government as payment for said land direct to the sellers of said land to Flora Taunah.[3] Said check was made payable to the sellers, E.D. Hutchins and Farror Hutchins, husband and wife. The Land Committee of the Western Oklahoma Consolidated Agency, Office of Indian Affairs, United States Department of the Interior, in its approval of this transaction provided that such restricted provision must be contained in the deed, or in other words, that the land must be restricted land if it was to be bought with some of Flora Taunah's restricted funds. The Court finds from the evidence that said land was purchased by said Treasury Check from Flora Taunah's restricted funds and that said restriction in the deed was a government required condition to the acquisition of said land for her.

---

**3.** Defendant Freida Taunah testified that Flora Taunah paid for this property with her personal check, but she has been unable to find and produce the cancelled check and Defendants did not offer any relevant bank records in evidence.

The Court does not believe this testimony of Freida Taunah to be the truth. It is completely overcome as being true by said Treasury Check No. 87,964 and the letter transmitting same direct to the sellers.

Defendants' contention that the restriction in the deed, if valid when placed therein, terminated upon the death of Flora Taunah is without merit. First, the provision in the deed does not so provide. Second, nothing in the documentary evidence regarding the approval of the transaction by the said Land Committee so provides. In fact, no evidence has been presented to the Court, documentary or otherwise, that such restriction was to terminate upon the death of Flora Taunah. A restriction placed on Indian property by the government can, of course, be lifted, but only by action of the government. No lifting of this restriction has been brought to the attention of the Court as having been accomplished by the government. That the land so restricted was subject to State taxation does not affect the validity of the restriction. *Sunderland v. United States,* 266 U.S. 226, at 232–3, 45 S.Ct. 64, 65, 69 L.Ed. 259 (1924). Hence, the restriction ran with the land and applied to the same after the death of Flora Taunah and was not terminated by her death as claimed by the Defendants. See *Board of Comm'rs v. Seber,* 318 U.S. 705, n. 3 at page 708, 63 S.Ct. 920, 922, 87 L.Ed. 1094 (1943). *Couch v. Udall,* 404 F.2d 97 (10th Cir.1968).

Defendants' further contention that the "family settlement contract" as to this land and/or the deed have, in fact, been approved by the Secretary of the Interior is without merit. This "family settlement contract" has been the subject of earlier litigation in this Court and our Circuit. In *Udall v. Taunah,* 398 F.2d 795 (10th Cir. 1968), our Circuit concluded that such a "family settlement contract" did require the approval of the Secretary of the Interior to be valid and remanded the case to allow the Secretary of the Interior to determine whether he should approve the same. The evidence before the Court indicates that following such remand an effort to obtain the approval of the Secretary of the Interior of the said "family settlement con-

tract" as to the land herein has been unsuccessful. Though by said remand the Defendants were given the opportunity to obtain approval of the "family settlement contract" by the Secretary of the Interior as to this land, they have been unable to do so; and hence, as the same required such approval in order to be valid as to this land, it can have no effect on the rights to this property by the wards of the Plaintiff involved herein.[4]

Likewise, nothing has been presented to the Court which indicates that the Secretary of the Interior has approved the deed from Elgin Red Elk to Leon Taunah. The deed itself does not bear such approval. The Defendants have been unable to produce any document which would constitute approval of this deed by the Secretary of the Interior. As this is restricted land and requires the consent and approval of the Secretary of the Interior in order to be alienated, the conveyance from Elgin Red Elk to Leon Taunah is void. *United States v. Brown, supra.*

Based on the foregoing, the Plaintiff is entitled to a decree quieting title in the land above described in Plaintiff for and on behalf of the above named heirs of Elgin Red Elk and the Defendants and any persons holding under them or any of them should be ordered to surrender the possession of the property to Plaintiff, and they should be enjoined from asserting any claim thereto.

Plaintiff will present an appropriate Judgment based on the foregoing to the Court within ten (10) days from the date hereof.

---

4. This Court also abated this case for a considerable period of time to allow Defendants to exhaust all administrative remedies they had in the matter. Defendants have been afforded more than an ample opportunity to obtain approval of the "family settlement contract" as to this land.