■ TERESA WILLIAMS, Appellant, v PRUDENTIAL FINANCIAL, INC., et al., Respondents. [31 NYS3d 34]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered June 1, 2015, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff seeks to recover from defendant insurance companies and insurance agent proceeds of two life insurance policies that lapsed shortly before the death of the insured, her late husband.

The two policies had already lapsed due to nonpayment of premiums at the time of her husband's death, and by their terms, they could not be reinstated after death (see *Brecher v Mutual Life Ins. Co. of N.Y.*, 120 AD2d 423, 426 [1st Dept 1986]). Contrary to plaintiff's assertion, there is no issue of fact with respect to whether defendants extended the grace period for payment of premiums on those two policies. Plaintiff's claim is based solely on certain communications with defendant insurance agent, who did not, as a contractual matter, have the authority to extend the grace period. "Where an agent's authority is specifically limited by the terms of the policy, he has no right or power to waive the conditions and provisions of the policy relating to forfeiture and continuance of the insurance" (*Drennan v Sun Indem. Co. of N.Y.*, 244 App Div 571, 579 [1st Dept 1935], *affd* 271 NY 182 [1936]; *see also Spiegel v Metropolitan Life Ins. Co.*, 6 NY2d 91, 95 [1959]).

Plaintiff also failed to establish the existence of an issue of fact with respect to the insurance agent's personal liability for misleading plaintiff regarding the due dates for premium payments on those policies. "[I]nsurance agents have a common-law duty to obtain requested coverage for their clients within a

reasonable time or inform the client of the inability to do so" (*Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *accord Chase Scientific Research v NIA Group*, 96 NY2d 20, 30 [2001]). "An agent who fails to keep a policy in force after promising to do so is in no better position than one who neglects to procure a policy after agreeing to do so" (*Spiegel*, 6 NY2d at 96). However, unlike in *Spiegel*, here, defendant insurance agent did not promise to keep the policies in force. There is thus no basis for holding him liable for their lapse. We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman and Richter, JJ.